**In re TOLEDO EQUIPMENT COMPANY, INC., Debtor.**

**UNSECURED CREDITORS' COMMITTEE, Plaintiff,**

**v.**

**FARMERS SAVINGS BANK, Defendant.**

**Bankruptcy No. 83–0306.
Related Case: 82–02668.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 20, 1983.

Michael N. Vaporis, Toledo, Ohio, for plaintiff.

Howard B. Hershman, Toledo, Ohio, for defendant.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon a number of motions filed by the litigants in this case. Specifically, the Court must consider the Plaintiff's Motion for Partial Summary Judgment, the Defendant's Motion for Summary Judgment as to the Plaintiff's entire Complaint, the Defendant's Motion for Summary Judgment on their Counterclaim, a Motion to Dismiss the Counterclaim filed by a member of the Unsecured Creditor's Committee, and an apparent Motion for Summary Judgment on one of the affirmative defenses raised by the Defendant.

A review of these Motions and the entire record finds that there are several procedural errors which could prove detrimental to the offending party. These errors will be addressed later in this Opinion. However, in an attempt to reach the merits of these Motions and as a result of the ultimate decision in this matter, the Court will overlook them.

### FACTS

The Debtor-In-Possession filed its Chapter 11 petition on December 22, 1982. The Unsecured Creditor's Committee was appointed on January 12, 1983, and has been an active force in this proceeding since that time. On March 28, 1983, the Committee filed this adversary complaint alleging that at some time during the year prior to the petition the Debtor-In-Possession paid to the Defendant Fifty-One Thousand Nine Hundred Eighty-Four and 13/100 Dollars ($51,984.14). It is alleged that the payment was made on a debt that existed prior to the initiation of bankruptcy proceedings. In the second cause of action the Committee alleges that on June 13, 1983, the Debtor-In-Possession granted a security interest in equipment to the Defendant without receiving any consideration in return. The complaint seeks to recover this allegedly preferential transfer and to have the security interest avoided.

In response to these allegations the Defendant substantially denied the right to recover and the right to have the lien avoided. It also sets forth a counterclaim alleging that the Plaintiff failed to properly investigate their claim prior to initiating this adversary case. The Defendant's answer also asserts several affirmative defenses, including the contention that the Unsecured Creditor's Committee does not have standing to bring a preference action. In addition to asserting the counterclaim, the Defendant caused the answer and counterclaim to be served upon the members of the Unsecured Creditor's Committee in their individual capacity.

### LAW

As previously indicated, a number of procedural errors were made in submitting this case to the Court. In order to effectively

handle the dilemma which technically exists as a result of these mistakes, the Motions will be handled out of what would otherwise be the logical order.

## I.

■ A suit by a creditor's committee to recover an allegedly preferential transfer is an action which, if successful, will benefit the debtor, the estate, and all creditors. As indicated in *Matter of Joyanna Holitogs, Inc.*, 21 B.R. 323 (Bkrtcy.S.D.N.Y.1982), and as will be more fully examined later, such a suit must be brought on behalf and in the name of the debtor-in-possession. It cannot be allowed to benefit only the committee, since it is not the real party-in-interest. In the present case the Unsecured Creditor's Committee has brought the case in its own name. Federal Rule of Civil Procedure 17, as made applicable by Bankruptcy Rule 717, states that:

"Every action shall be prosecuted in the name of the real party in interest ... No action shall be dismissed on the ... ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

This rule impliedly authorizes this Court to dismiss a case for failure to have it brought in the name of the real party-in-interest. However, this Court is not inclined to dismiss the case on those grounds. When given the reasonable period of time required by the rule, it is probable that the Plaintiff would correct the otherwise technical error. The case would then return to the posture it presently has and the issues would remain unchanged. Therefore, dismissal would not best serve an efficient disposition of the case. It should be noted that an abstention from dismissing the case on this point will not infringe on the rights of the Plaintiff, inasmuch as it was the party in

error. It will also not prejudice the Defendant, since it failed to request dismissal on these grounds.

## II.

■ The Court must next address the motion to dismiss the counter-claim filed by the member of the Unsecured Creditor's Committee. As just indicated, the debtor-in-possession is the real party-in-interest to an action brought by the creditor's committee. In this case the Defendant's counter-claim asserts an action for abuse of process. Although the claim is directed at the "plaintiff," it is actually directed at the Unsecured Creditor's Committee. In that respect, the counterclaim asserts a cause of action against an entity that is not yet a party to this adversary case. It should also be noted that abuse of process is a cause of action that can exist independently of any ongoing litigation. It is doubtful that a defendant could assert such a cause as a counterclaim to the action which allegedly gives rise to the abuse. However, in view of the ultimate decision to be reached in this case and because of the Defendant's failure to properly engage the party against whom the counterclaim is actually directed, dismissal of the counterclaim without prejudice would best serve an equitable result.

## III.

The Plaintiff's first cause of action avers that the Debtor-In-Possession made a pre-petition payment to the Defendant which constitutes a preferential transfer. Such transfers are addressed by 11 U.S.C. § 547 which states in pertinent part:

"(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 1107(a) states in part that: "(a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights ... and powers, and shall perform all the functions and duties ... of a trustee serving in a case under this chapter."

Pursuant to these provisions, the trustee, or in this case the Debtor-In-Possession, would be the only party authorized to recover preferential transfers. In response to this apparent limitation, the Defendant has raised the defense that the committee is without proper standing to litigate this cause.

The parties have asked this Court for Summary Judgment on the merits of the Plaintiff's Complaint. Without expressly stating their intention to do so, they have argued the issue of standing as though they also intend to apply for summary judgment thereon. However, at this point in the proceedings the issue of standing has only been raised as an affirmative defense. Federal Rule of Civil Procedure 56, as made applicable by Bankruptcy Rule 756, states in part that:

"A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may ... move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

An affirmative defense is not a "claim" as contemplated by this rule. The determination as to the validity of an affirmative defense prior to a hearing on the merits of the case would be properly requested by a motion pursuant to Federal Rule of Civil Procedure 12. However, the parties have fully argued the issue and have submitted it to this Court with the intention that a decision be reached. Inasmuch as the issue will be dispositive of the case, it will be dealt with as though it were properly before this Court.

## IV.

The provisions of the Bankruptcy Code do not expressly authorize an unsecured creditor's committee to recover preferential transfers made by a debtor. However, the Code establishes such committees for the purpose of protecting the rights of its constituents and those creditors similarly situated. House Report No. 95–595, 95th Cong., 1st Sess. (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. In furtherance of that purpose 11 U.S.C. § 1103(c) indicates that:

"(c) A committee appointed under section 1102 of this title may—

(5) perform such other services as are in the interest of those represented."

11 U.S.C. § 1109(b) states that:

"(b) A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee ... may raise and may appear and be heard on any issue in a case under this chapter."

The language of these sections indicates that a creditor's committee is allowed to raise an issue regarding the administration of a Chapter 11 reorganization. It also corresponds with the Code's intention that the committee protect the rights of its members, especially where the debtor-in-possession's inactivity impinges on those rights. Without the authority of these pro-

visions to raise issues such as the one at hand the committee would be of little value to its members. It should be noted that there is nothing in these sections which prevents a Committee from filing an adversary complaint. The Code does not limit the committee's authority to issues which arise only in the context of the primary bankruptcy case. *Matter of Marin Motor Oil, Inc.,* 689 F.2d 445 (3rd Cir.1982).

While the preference statute specifically appoints the trustee or the debtor-in-possession as the proper litigant, it is well established that the provisions of 11 U.S.C. §§ 1103(c)(5) and 1109(b) impliedly authorize a creditor's committee to bring an action if, in its discretion, it would benefit the estate, and if the debtor-in-possession has unjustifiably failed to prosecute the case. *See, Matter of Marin Motor Oil, Inc.,* supra, *Matter of Monsour Medical Center,* 5 B.R. 715 (Bkrtcy.W.D.Pa.1980), *Liberal Market, Inc. v. Malone & Hyde, Inc.,* 14 B.R. 685 (Bkrtcy.S.D.Ohio 1981), *Matter of Joyanna Holitogs, Inc.,* supra, *In re Evergreen Valley Resort, Inc.,* 27 B.R. 75 (Bkrtcy.Me. 1983), *In re Gander Mountain, Inc.,* 29 B.R. 260 (Bkrtcy.E.D.Wis.1983). This implied authorization is not, however, an unlimited or unqualified grant. As indicated in the cases just cited, the Committee's standing is triggered only when the debtor-in-possession's inactivity becomes unjustified or abusive of its discretion. However, there is no provision in the Bankruptcy Code or the Bankruptcy Rules which indicates how or by whom a determination as to the existence of standing is to be made.

A review of the cases finds that the issue of standing arose primarily as a result of a defendant's objection to a suit by a committee. *See, In re Joyanna Holitogs, Inc.,* supra, *In re Gander Mountain, Inc.,* supra, *In re Wesco Products Co.,* 22 B.R. 107 (Bkrtcy. N.D.Ill.1982), *Liberal Market, Inc. v. Malone & Hyde, Inc.,* supra. It also illustrates

that there is not an established procedure for making the determination as to when a creditor's committee's standing arises. Despite the fact that the Creditor's Committee brought the action without seeking prior approval, the Court, in *In re Monsour Medical Center,* supra, stated that:

"The Court . . . may grant the committee standing to bring this suit on behalf of the debtor-in-possession."

In *Matter of Marin Motor Oil, Inc.,* supra, the creditors sought and received permission to intervene in an ongoing suit by the Trustee.[1] The Creditor's Committee in *In re Evergreen Valley Resort, Inc.,* supra, specifically applied for authority from the Court to initiate an action on behalf of the estate.

Inherent in the committee's motive for bringing an action on behalf of the estate is the desire to recover funds from which creditors can be paid. In most instances such an action would also be in the best interests of the debtor-in-possession's reorganization effort. However, the creditor to whom the alleged preferential transfer was made may be a creditor on whom the debtor-in-possession is relying during the course of the reorganization. As in this case, the Debtor-In-Possession may wish to maintain a positive relationship with the creditor and not assert a preference action. It is also possible that a debtor-in-possession would have other reasons to refrain from exercising all of the rights available in the Bankruptcy Code.

The conflict which results from such a situation is one between the creditor's right to be paid and the debtor-in-possession's effort to reorganize. Resolution of this conflict requires a balancing of the competing interests to determine whether or not the debtor-in-possession's failure to bring the action is unjustifiable. Pragmatically, the problem is whether the creditor's com-

---

1. In *Matter of Marin Motor Oil, Inc.* supra, the Court construed the word "may", as used in 11 U.S.C. § 1109(b), as mandatory rather than permissive. On the issue of a creditor's committee's standing, this construction could be construed as an absolute right to act. However, an entire reading of the opinion does not support such an interpretation. Rather, the decision appears to mean that the committee has the right to initiate a suit only after the debtor has unjustifiably failed to do so.

mittee may instigate an action on behalf of the estate, subject to subsequent objection, or whether it should be required to apply with the Court for leave to file the action.

If the unsecured creditor's committee were permitted to institute a suit against a creditor without a prior determination as to the propriety of the debtor-in-possession's failure to sue, the resulting suit could seriously jeopardize the debtor's relationship with the creditor, and thereby jeopardize the chances for a successful reorganization. If the committee were required to seek prior Court approval, a determination as to the debtor's failure to act could be made before the debtor-creditor relationship was endangered. In view of the relative merits of each alternative, it must be concluded that a creditor's committee should be required to seek Court approval prior to beginning an action on behalf of the estate. This requirement would not deprive the committee of any right to raise and be heard on any issue. It would only require a prior determination of whether or not the right exists.

It should be pointed out that the debtor-in-possession's intention to maintain good faith with a creditor is not, in and of itself, sufficient justification for failing to bring a legitimate action. That intention addresses the weight of the evidence which, when combined with the circumstances of any given case, could constitute justification for not acting. However, the factors which would go into making this determination would necessarily have to be examined on a case-by-case basis.

■ Therefore, it is held that an unsecured creditor's committee has standing to bring an action to recover a preference if the debtor-in-possession has abused its discretion in prosecuting or has unjustifiably failed to bring such an action. It is also held that prior to intervening in or initiating an action on behalf of the estate, the creditor's committee must apply to the Court for leave to take that action. The application must show: 1) that the creditor's committee has made a request of the debtor-in-possession regarding the initiation

or prosecution of an action which will benefit the estate, 2) that the request has been refused, 3) a *prima facia* demonstration that a colorable claim exists which, if successful, would benefit the estate, and, 4) the creditor's committee's grounds for contending that the debtor-in-possession's inactivity on the claim is unjustifiable or abusive of their discretion. Inasmuch as this type of application would appear to be a "contested matter" as contemplated by Bankruptcy Rule 9014, service of the application should be accomplished pursuant to that provision.

■ In the present case the Unsecured Creditor's Committee has not made any showing that a request was made of the Debtor-In-Possession to initiate a preference action. Although the complaint sets forth a colorable claim, there is no assertion or demonstration that the Debtor-In-Possession's abstention from bringing this claim is unjustifiable. Without such a showing the Unsecured Creditor's Committee has not met the requirements for standing to file an adversary complaint on behalf of the estate. Therefore, it must be concluded that the Unsecured Creditor's Committee does not, at the present time, have sufficient standing to bring this action.

In reaching this conclusion this Court has considered all of the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the Plaintiff's Complaint be, and it is hereby, dismissed without prejudice.

It is FURTHER ORDERED that the Defendant's Counter-Claim be, and is hereby, dismissed without prejudice.