**In the Matter of OUTDOOR DISPLAYS WELDING & FABRICATION, INC., Debtor.**

**Bankruptcy No. 187–00436.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Aug. 5, 1987.

## ORDER ON APPLICATION TO RETAIN COUNSEL

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

An application to retain counsel was filed on behalf of the Committee of Unsecured Creditors in the above case on July 10, 1987. Thereafter an objection to that application was filed on behalf of Universal Steel and Tull Metals, members of the committee. Both the applicant and the objecting parties have now supplemented the record by letter.

From the information provided it appears that a meeting of the unsecured creditors committee was held on July 7, 1987, at the offices of Tull Metals. Represented at that meeting were Tull Metals, Permite Corporation, Empire Pipe, Southland Pipe, Valiant Steel and Universal Steel. General Electric Corporation, the sole remaining member of the committee did not attend the meeting.

Apparently at some point the representatives of Tull Metals and Universal Steel were excused from the meeting while the four remaining creditors met with counsel. Following that meeting the creditors' committee reconvened and a motion was made to employ counsel for the committee. The four creditors who had met privately with counsel voted in the affirmative. The two creditors who had been excused voted in the negative.

The four creditors voting in favor hold claims of approximately $238,000.00 while the two creditors opposing the appointment hold claims of approximately $309,000.00. The applicants therefore have a majority in number of the unsecured claims represented at the meeting. The objectors have a majority in amount of the unsecured claims represented at the meeting.

11 U.S.C. Section 1103 provides in relevant part:

"(a) At a scheduled meeting of a committee appointed under section 1102 of this title ... at which a majority of the members of such committee are present, and with the court's approval, such committee may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."

Other than the requirement that a majority of the members of the committee be present and that court approval of the selection be obtained, the Code is remarkably lacking in specifics as to the mode of selection. Neither counsel has cited, nor has the Court found any decision which sheds light on the issue.

The application and objection pose two distinct problems to resolve. First, what vote is required in order to constitute committee action to select counsel by a creditors committee? Second, assuming the necessary vote to have been cast, does any procedural irregularity or any other reason preclude the Court from approving the decision reached?

*The Vote*

As noted above, neither the Code nor the Rules establish the requisite number of votes by amount or in number necessary to constitute committee action. The sole requirement is that a majority of the members of the committee be present at any such meeting. 11 U.S.C. § 1103(a). The lack of further standards strongly suggests that what is a requisite vote must be decided on a case-by-case basis, tailored to the unique facts of each individual Chapter 11 case.

One could argue, since only a majority of the committee members need attend, that any decision of the committee should require unanimous support of those attending. This is true because the decisions of the committee may well obligate the entire class of unsecured creditors to incur certain expenses or otherwise commit them to some course of action.

On the other hand, the existence and active participation of a creditors committee is highly desirable in Chapter 11 cases and should be encouraged. This policy requires that extremely high voting requirements should not arbitrarily be interposed to frustrate committee action. To that end, lesser voting requirements are appropriate.

The Code itself employs a number of different requirements for voting in other contexts. For example, 11 U.S.C. Section 1126(c) requires a vote of two-thirds in amount and more than one-half in number of those voting to bind a class on the issue of confirmation of a Chapter 11 plan. 11 U.S.C. Section 702(c) adopts a majority-in-amount voting requirement for election of a Chapter 7 Trustee. Bankruptcy Rule 2003(b) likewise adopts a majority-in-amount test for selection of a presiding officer at a creditors or equity security holders meeting.

In adopting a voting requirement it is necessary to balance the interests of larger unsecured creditors against those of smaller ones so that neither group has an undue degree of control over or ability to dictate or frustrate committee actions. Obviously, either a majority-in-amount or majority-in-number test would tend to favor one group over another in terms of control of a committee. Despite the fact that the final test of the sufficiency of a vote must rest with the Court, and must be tailored to the facts in each case, I believe that a starting point in that analysis should be established. Accordingly, I conclude as a general rule that for purposes of committee action to select counsel, the votes of a majority in number of creditors present holding more than one-half in amount of claims represented at the meeting will be required.

The special relationship of trust and confidentiality that must exist between attorney and client requires that there be substantial agreement among the members of the creditors committee in order to recommend to the Court that counsel be appointed. Substantial agreement is also desirable because the allowable fees and expenses incurred by the committee will result in a reduction of the fund available for distribution to creditors. A majority-in-number and majority-in-amount voting requirement will ordinarily insure that the necessary degree of support is present.

However, this standard is not an inflexible one to be rigidly applied. Rather, should the parties demonstrate that application of such a rule unfairly favors one or more creditor's interest or would frustrate the ability of the committee to function effectively as envisioned by Congress, the Court should be free to act on such fact. Likewise, if special adversary or friendly relationships exist between the parties, or if equitable considerations otherwise require deviation from the general standard, the Court possesses and will exercise its discretion under Section 1103 to do so.

As applied to the facts in this case, I know of no reason to deviate from the general standard set forth above. There is no evidence before me to suggest that such a "double majority" voting requirement will work a hardship on the committee or achieve an inequitable result. Accordingly, I conclude that the general voting requirement is applicable to the matter before me.

■ Based on the "double majority" voting requirement, I conclude that the application must be denied. The required majority of members of the committee did meet and vote. A majority in number of those present voted to retain counsel. However, a majority in amount of those voting opposed the action. While it appears that another member of the committee would have voted to retain counsel, and the size of its claim would change the result, it was not present at the meeting and its preference cannot be considered at this point in time.

### Procedural and other Questions

The decision reached makes unnecessary any detailed examination of the other possible objections to retention of counsel. However, in the event of further action by the committee, I must point out that the real or perceived irregularity in the committee proceeding apparently led to dissatisfaction by those who felt they were excluded from meaningful participation. This in turn caused them to object to the Motion and certainly caused closer scrutiny by this Court of the proposed committee action prior to approval.

In making this point, I express no opinion as to whether the previous meeting was actually conducted in an unfair or irregular fashion. However, any committee meeting must not only be conducted fairly, in fact, but also free of the appearance of any impropriety in order to receive the approval of this Court. I do not suggest that the firm proposed to be retained is not eminently well-qualified to represent the committee, because it clearly would be, but for the fact that it is now poised in a somewhat adversary role toward some members of the committee which it seeks to represent. The resolution of these questions is, however, not before me at this time.

### Conclusion

For the foregoing reasons the application to employ counsel is denied.