In re Jeffrey Gordon BUTLER and Peggy Warmath Butler, d/b/a The Butler Group, Inc., Butler Brown Investments, Butler & Associates, and Real–Tax, Inc., Debtors.

The UNSECURED CREDITORS COMMITTEE OF BUTLER GROUP, INC., and Butler Group, Inc., Plaintiffs,

v.

Jeffrey Gordon BUTLER and Peggy Warmath Butler, Defendants.

Bankruptcy No. 287–20631–7.
Adv. No. 288–2068.

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

Jan. 6, 1989.*

* This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

Lloyd Mueller, Sell & Griffin, P.C., Amarillo, Tex., for debtors.

Coleman Young, Culton, Morgan, Britain & White, Amarillo, Tex., for the Committee.

Frederic M. Wolfram, Wolfram Law Firm, Amarillo, Tex., for The Butler Group, Inc.

## MEMORANDUM OF OPINION ON STANDING

JOHN C. AKARD, Bankruptcy Judge.

Jeffrey Gordon Butler and Peggy Warmath Butler (Debtors), the Defendants in

the captioned adversary proceeding, questioned the standing of the Unsecured Creditors Committee of The Butler Group, Inc. (Committee) and The Butler Group, Inc. to object to their discharge and sought to have their discharge entered.

## FACTS

On November 18, 1987, in Case No. 287–20622–11, The Butler Group, Inc. filed for relief under Chapter 11 of the Bankruptcy Code. The United States Trustee formed a committee of unsecured creditors.[1]

On November 20, 1987, the Debtors filed for relief under Chapter 7 of the Bankruptcy Code. March 29, 1988 was fixed as the last day for filing complaints objecting to the discharge of a debt under § 523 or for objecting to the discharge under § 727 of the Bankruptcy Code.[2]

On January 7, 1988 the attorney for The Butler Group, Inc. filed a notice of appearance and request for service of papers in the Debtors' Chapter 7 proceedings. On February 27, 1988, The Butler Group, Inc. filed a Motion to Lift Stay on a 1985 Jeep Cherokee which the Debtors had scheduled as part of their assets, but which was asserted to be an asset of the corporation. That motion was granted by order dated April 4, 1988.

On March 29, 1988 the Committee filed a motion in the Debtors' bankruptcy to extend the time for filing complaints objecting to the discharge and dischargeability. The motion recited that the Committee was in its initial stages of organization and felt that there might be grounds for objecting to the Debtors' discharge, but needed additional time to investigate the matter. The motion stated: "The COMMITTEE would not desire to file a Complaint to the Debtors' discharge unless the evidence supporting such a complaint would be clear and convincing." By order dated March 30, 1988 the Court determined "that the time for filing of Complaints to the Discharge and Dischargeability by the Official Committee of Unsecured Creditors in THE BUTLER GROUP, INC., Bankruptcy, be, and hereby is, extended to September 30, 1988."

On March 30, 1988, The Butler Group, Inc. filed a motion to dismiss its bankruptcy. Due notice of that motion was given and no objections were filed. By order entered April 26, 1988 the Court dismissed The Butler Group, Inc. Chapter 11 proceedings.

On August 16, 1988 the Debtors moved the Court to enter a discharge in their bankruptcy proceedings. The motion recited that the order of March 30, 1988 extended the time for filing complaints objecting to the dischargeability of a debt or objections to the discharge only as to the Committee. The Debtors asserted that all other creditors were barred by their failure to file such complaints by the original March 29, 1988 date and, since the Chapter 11 proceedings for The Butler Group, Inc. had been dismissed, the Committee was no longer in existence and had no standing to object to their discharge. On September 7, 1988 the Court heard arguments of counsel and took the matter under advisement. The parties submitted briefs on the issue.

The Committee and The Butler Group, Inc. filed the captioned adversary proceeding objecting to the Debtors' discharge on September 28, 1988. Should the Court grant the Debtors' motion, the effect would be to give them a discharge and dismiss the adversary proceeding. Both the Committee and The Butler Group, Inc. oppose the Debtors' motion.

## DISCUSSION

The Committee and The Butler Group, Inc. asserted two grounds for denial of the Debtors' motion. The first ground claimed that the Committee retained its existence as an informal creditors' group even after

---

1. Apparently the Committee requested the law firm of Culton, Morgan, Britain & White to assist the Committee. However, the docket sheet in The Butler Group, Inc. bankruptcy does not reflect that the Committee filed a motion to employ that law firm.

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are to sections in the Bankruptcy Code.

the dismissal of The Butler Group, Inc. Chapter 11 proceedings. The second ground was that any actions asserted by the Committee were derivative of actions which could have been asserted by The Butler Group, Inc; consequently, The Butler Group, Inc. remained a real party in interest and should be allowed to pursue the complaint for denial of the Debtors' discharge under Fed.R.Civ.P. 17(a) which is made applicable to bankruptcy cases by Bankruptcy Rule 7017.

### Does a Committee Have Life Post-dismissal?

The effect of the dismissal of a case is discussed in § 349. That section focuses on the dischargeability of debts in a subsequent proceeding, reinstates prior proceedings or custodianships, reinstates liens or transfers avoided under the Bankruptcy Code, vacates certain orders with respect to property of the estate and re-vests the property of the estate in the entity which owned such property immediately prior to the commencement of the bankruptcy case. It makes no mention of committees appointed, or of professionals employed, during the case.

The Committee pointed out that under § 1102(b)(1) a committee of creditors organized before the commencement of a case may become the committee appointed in the case pursuant to § 1102(a)(1). The Committee reasoned that if an informal committee can have a life prior to the bankruptcy petition being filed, that an official committee could have a life after dismissal of the bankruptcy.

■ In order for a post-dismissal committee to sue and be sued, it would have to be organized pursuant to statute. Absent such statutory provision, members of such a committee could take action only in their individual capacities. If they filed a lawsuit, they would have to file it individually and seek class action certification for the benefit of the other creditors.[3] Once the Chapter 11 proceedings of The Butler Group, Inc. were dismissed, the Committee was no longer an official committee appointed by the United States Trustee but, rather, was a group of creditors who wished to pursue actions for their own benefit and, presumably, on behalf of other creditors as well.

■ Neither the Bankruptcy Code nor the Bankruptcy Rules contain any requirement that the United States Trustee or the Court officially dissolve committees created during bankruptcy proceedings. Once the bankruptcy is dismissed, the statute under which the Committee was created no longer applies and the committee is automatically dissolved. Thus, there was no reason for the statute or rules to require a formal dissolution of the Committee.[4]

### Real Party in Interest

Bankruptcy Rule 4004(a) fixes the time for filing a complaint objecting to the discharge at not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). Bankruptcy Rule 4004(b) governs extensions of this time, and reads:

> On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

The 1983 Advisory Committee Note on this rule states in pertinent part: "An extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension." *See, Norton Bankruptcy Law and Practice at 253*, Advisory Committee Note (1983), (Callaghan) (1987–1988 Ed.).

■ In this case, the only extension the Court granted was to the Committee.

---

**3.** A committee is neither a person (§ 101(35)) nor an entity (§ 101(14)). Fed.R.Civ.P. 17(b) refers to state law to determine the capacity to sue or be sued. Tex.R.Civ.P. 28 does not include committees in the laundry list of those who may sue and be sued. *See also* 57 Tex. Jur.3rd *Parties* § 7 (1987).

**4.** The confirmation of a plan of reorganization in a Chapter 11 proceeding may have the effect of dissolving committees created during the Chapter 11. For this reason, Chapter 11 plans often provide for the continued existence of a committee and specify its post-confirmation rights and duties.

No extension was granted to The Butler Group, Inc., nor was one granted to any other creditor in this bankruptcy. The Butler Group, Inc. attorney filed a request for notices in this bankruptcy and a motion to be relieved from the automatic stay. Thus, The Butler Group, Inc. occupied an adversarial position to the Debtors in this bankruptcy and was fully aware of the bar date for filing complaints objecting to the discharge.[5]

 Where one creditor secures an extension of time to file an objection to the discharge, the remaining creditors in the case are not entitled to "piggyback" on the first creditor's timely motion. *In re Floyd,* 37 B.R. 890 (Bankr.N.D.Tex.1984). An order granting the Trustee additional time to object to the discharge does not extend the filing dates for creditors of the estate. *United States v. Ortman (In re Ortman),* 51 B.R. 7 (Bankr.S.D.Ind.1984). The time limits in Bankruptcy Rule 4004 are strictly enforced and the doctrine of excusable neglect under Bankruptcy Rule 9006 does not apply. *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Tatum (In re Tatum),* 60 B.R. 335 (Bankr.D.Colo.1986). Where a timely filed objection in the form of a motion was dismissed because of the requirement that it be an adversary proceeding under Bankruptcy Rule 7001, the subsequently filed complaint was filed after the bar date and, therefore, was dismissed as well. *Id.*

Where a trustee, who timely filed a motion for extension of time to file objections to the discharge, indicated she did not wish to pursue the matter, a creditor who had not filed its own motion for extension of time was not permitted to rely on the Trustee's timely-filed motion and, therefore, was not entitled to file an objection to the discharge. *In re Gallagher,* 70 B.R. 288 (Bankr.S.D.Tex.1987). *See also, United States v. Ortman, supra.*[6]

 Fed.R.Civ.P. 17(a) provides that every action shall be brought by the real party in interest and provides for the joinder or substitution of the real party in interest when an action is brought for the use and benefit of another. The Committee asserted that The Butler Group, Inc. is the real party in interest and should be substituted for the Committee in the adversary proceeding. Assuming that The Butler Group, Inc. is the real party in interest, the specific provisions on discharge in Bankruptcy Rule 4004(a) and the cases cited above must prevail over Fed.R.Civ.P. 17(a) which is of general application.

## CONCLUSION

By virtue of the dismissal of The Butler Group, Inc., bankruptcy the Official Committee of Unsecured Creditors no longer exists and cannot file an objection to the Debtors' discharge. The Butler Group, Inc. is not entitled to use the extension of time which was granted to that Committee to file its own objections to the Debtors' discharge.

ORDER ACCORDINGLY.

---

5. The Committee does not allege that it made demand upon The Butler Group, Inc. to get an extension of time or to file the adversary proceeding, that the corporation refused to take such action, and that the Committee, after motion and hearing, was authorized by the Court to take such action. The docket sheet in The Butler Group, Inc. bankruptcy does not reflect that such permission was granted. Clearly such steps are necessary before the Committee may file an adversary proceeding. *Louisiana World Exposition v. Federal Insurance Co.,* 858 F.2d 233 (5th Cir.1988). Such a procedure might be considered necessary before the Committee seeks an extension of time, but the tight time limits of Bankruptcy Rule 4004(a) would militate in favor of allowing a committee to get an extension while making the demand upon the debtor. Following dismissal of The Butler Group, Inc. bankruptcy, this Court would have no jurisdiction to grant the Committee authority to file the adversary proceeding. The Debtors did not question the authority of the Committee to act, or the extension secured by the Committee.

6. There is authority, for the proposition that once a complaint objecting to the discharge is timely filed, if the original complainant decides not to prosecute, another can step into his shoes and prosecute in his stead. *Mazur v. Hirsch Shoe Co.,* 46 F.2d 973 (5th Cir.1931); *1 A Collier on Bankruptcy* ¶ 14.14[1] (14th Ed.) and cases cited therein.