In re **PARKS JAGGERS AEROSPACE COMPANY, Debtor.**

**Bankruptcy No. 87–476–BKC–6P1.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

June 1, 1989.

Bernard O'Neill, Orlando, Fla., for debtor.

Raymond J. Rotella, Orlando, Fla., for Creditors' Committee.

ORDER DENYING REQUEST FOR SUPPLEMENTAL FEES

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Application for Supplemental Fees filed by Raymond J. Rotella, Attorney for the Creditors' Committee ("Applicant"). A hearing on the Application was held on April 27, 1989, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. An order confirming the Debtor's Plan of Reorganization was entered on June 20, 1988. The Debtor has now completed the plan payments to allowed creditor claims by paying a one hundred percent payout.

2. The Supplemental Fee Application filed on January 11, 1989, on behalf of the attorney for Creditors' Committee seeks $3,000.00 in attorney fees for services performed after confirmation in overseeing the Debtor's liquidation.

3. The Court on its own motion questions whether the applicant, as attorney for the Creditors' Committee, has standing to request attorney fees after confirmation of the Chapter 11 plan. For the following reasons, the Court concludes that he does not.

## CONCLUSIONS OF LAW

1. The powers and duties of a committee appointed under § 1102 of the Code are governed by § 1103(c). According to that Code section, the committee may consult with the trustee or debtor-in-possession concerning the administration of the case, may investigate the acts, conduct, assets liabilities and financial condition of the debtor, the operation of the debtor, the operation of the debtor's business, and the desirability of the continuance of the business, and any other matter relevant to the case or to the formulation of the plan. However, subsection (c) is silent as to the committee's function after the confirmation of the plan.

2. Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. 11 U.S.C. § 1141(b).

3. The Creditors' Committee is dissolved when the property of the estate is vested with the debtor. After that date the committee has no further reason to participate in the case. The attorneys for the Creditors' Committee have no authority to act on their behalf or to request fees from the bankruptcy estate. Instead, the individual creditors are left to pursue their own remedies should the debtor fail to comply with the terms of the confirmed plan.

4. In this case, the liquidation Plan was confirmed on June 20, 1988. Accordingly, Applicant may not seek fees for services performed after that date.

5. Applicant cites *In re Diversified Capital Corporation*, 89 B.R. 826 (Bankr. C.D.Cal.1988), in support of his fee request. There, the Court dealt with the issue of whether it had the power to appoint a committee of creditors after the confirmation of a Chapter 11 Plan. Citing § 1103(c) as its authority, the Court found that it had the power to appoint a committee of creditors after confirmation of the plan to "investigate ... any other matter relevant to the case."

6. This argument has limited appeal, and the Court does not find it to be controlling precedent. Instead, the Court will rely upon its determination that confirmation of the plan revests the property of the estate with the debtor and dissolves the creditors' committee.

The Supplemental Fee Application filed by the attorneys for the Creditors' Committee is DENIED.

DONE AND ORDERED.