In re **PARKS JAGGERS AEROSPACE COMPANY, Debtor.**

**CREDITORS' COMMITTEE, Appellant,**

v.

**PARKS JAGGERS AEROSPACE COMPANY, Appellee.**

No. 89–0555–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

July 8, 1991.

Raymond J. Rotella, Kosto & Rotella, P.A., Orlando, Fla., for appellant.

Bernard O'Neill, O'Neill, Chapin, Marks & Liebman, Orlando, Fla., for appellee.

## ORDER

G. KENDALL SHARP, District Judge.

Appellant, attorneys for the creditors' committee, filed this appeal from the bankruptcy court's denial of its petition for supplemental attorney's fees. *In re Parks Jaggers Aerospace Co.*, 100 B.R. 594 (Bankr.M.D.Fla.1989). Appellee does not oppose the appeal. Appellant claims the bankruptcy court made a legal error in denying its request for attorney's fees for work done after the Chapter 11 reorganization plan was confirmed, but before the final decree was entered. The issue on appeal is whether a creditors' committee and its legal counsel have standing to act after a Chapter 11 plan is confirmed, but before the plan is consummated. This court concludes that they have standing to act. As such, the court reverses the decision of the bankruptcy court and remands the case for consideration of appellant's request for supplemental fees.

### I. Facts

This Chapter 11 case originated in the United States Bankruptcy Court for the Middle District of Florida in March 1987. Shortly after the case began, a creditors' committee was appointed and appellant was selected as the law firm to represent the committee. The committee and appellant negotiated the reorganization plan with the debtor. The bankruptcy court confirmed the plan in June 1988. According to the plan, the debtor was to liquidate its assets and pay its creditors from the proceeds. The debtor failed to make timely payment, and the committee requested appellant to contact the debtor. Because the debtor failed to respond to appellant, appellant filed a motion to convert the case to a Chapter 7 proceeding and performed other legal services. Soon thereafter, the debtor made all payments to the unsecured creditors.

In January 1989, appellant moved the bankruptcy court for its attorney's fees for the work it performed after the confirmation of the plan. On its own motion, the bankruptcy court questioned whether appellant had standing to request the supplemental fees. *In re Parks Jaggers Aerospace Co.*, 100 B.R. at 595. The court determined that, "[e]xcept as otherwise provided in the plan or in the order confirming the plan, the confirmation of a plan vests all the property of the estate in the debtor" and, therefore, the committee dissolves at the time of confirmation. *Id.* "After that date the committee has no further reason to participate in the case. The attorneys for the Creditors' Committee have no authority to act on their behalf or to request fees from the bankruptcy estate." *Id.* "Instead, the individual creditors are left to pursue their own remedies should the debtor fail to comply with the terms of the confirmed plan." *Id.*

### II. Legal Discussion

#### A. Standard of Appellate Review

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instruction for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." 11 U.S.C.Bankr.R. 8013 (1988). A district court reviews a bankruptcy judge's conclusions of law in a de novo manner. *See In re Fielder*, 799 F.2d 656, 657 (11th Cir.1986) (per curiam). Thus, a district court defers to the ruling of a bankruptcy court "unless its factual findings are clearly erroneous or it applies the incorrect legal standard." *In re Cox*, 904 F.2d 1399, 1401 (9th Cir.1990); *accord*

*In re Fielder,* 799 F.2d at 657. This court agrees with the bankruptcy court's factual findings, but disagrees with its legal conclusions.

### B. Analysis

■ "The purpose of a committee of unsecured creditors is to monitor the operations and activities of the debtor and its compliance with the requirements of the Bankruptcy Code." *In re Diversified Capital Corp.,* 89 B.R. 826, 829 (Bankr. C.D.Cal.1988); 11 U.S.C. § 1103(c) (1988). "Because the Bankruptcy Code contemplates that no trustee will be appointed in the typical Chapter 11 case, the creditors' committee has the principal monitoring responsibility." *In re Diversified Capital Corp.,* 89 B.R. at 829. Although the Bankruptcy Code provides for the appointment and duties of a committee, 11 U.S.C. §§ 1102(a), 1103(c) (1988), it does not provide for a committee's dissolution. Case law, however, demonstrates that once a Chapter 11 proceeding is terminated through a dismissal or a conversion to a Chapter 7 action, a creditors' committee is dissolved. *E.g., In re Butler,* 94 B.R. 433, 436 (Bankr.N.D.Tex.1989) (dismissal); *In re Freedlander, Inc. The Mortgage People,* 103 B.R. 752, 757–58 (Bankr.E.D.Va.1989) (conversion). A committee is not entitled to compensation for work performed after termination. *See id.* at 758; *In re Energy Coop., Inc.,* 95 B.R. 961, 964–65 (Bankr. N.D.Ill.1988).

Although a committee is automatically dissolved at either the dismissal or conversion of a Chapter 11 action, a creditors' committee may also be dissolved after the confirmation of a reorganization plan. *In re Butler,* 94 B.R. at 436 n. 4; *In re Diversified Capital Corp.,* 89 B.R. at 829. "At confirmation ... the property of the estate is revested in the debtor except as provided in the plan, and the debtor proceeds on its way without further court supervision, except as provided in the plan." *Id.* "Normally there is no need for further supervision by a trustee or a creditors' committee." *Id.* The attorneys hired by the creditors' committee have generally completed their duties at confirmation and soon thereafter make their final applications for compensation. *See id.*

Still, even though a creditors' committee usually dissolves after confirmation, that does not mean that it has to dissolve after confirmation. *See id.* at 830. The language in 11 U.S.C. § 1103(c) "clearly can apply to duties and responsibilities after confirmation. Section 1103(c)(2) extends the powers of a committee to 'investigate ... any other matter relevant to the case....'" *Id.* "Section 1103(c)(5) authorizes a committee to 'perform [such] other services as are in the interest of those represented.'" *Id.* Moreover, "[t]he investigation of matters relevant to the case may include investigations after the confirmation of a plan. There may be services in the interest of creditors that are necessary or appropriate after confirmation of the plan." *Id.* "Such investigation may be necessary particularly where ... issues arise with respect to the debtor's performance of the debtor's obligations under the plan." *Id.*

In the subject action, the debtor's failure to perform its obligations under the confirmed reorganization plan necessitated an investigation by the creditors' committee. The committee requested the legal services of appellant to make sure all unsecured creditors received their full payments. Appellant was in the best position to assist the committee and creditors, because it had helped negotiate the reorganization plan with the debtor. When the debtor failed to comply with the terms of the plan, the committee and the creditors relied on appellant to effectuate compliance. In such a situation, a creditors' committee needs to exist after confirmation to ensure the debtor fulfills its obligations under the plan.

The Bankruptcy Code supports this court's holding that a creditors' committee does not necessarily dissolve after the confirmation of a Chapter 11 plan. Under the Code, a creditors' committee is considered "a party in interest" in a bankruptcy case. *In re Bumper Sales, Inc.,* 907 F.2d 1430, 1433 (4th Cir.1990); 11 U.S.C. §§ 1109(b), 1121(c) (1988). As a party in interest, a creditors' committee "may raise and may

appear and be heard on any issue in a case under ... chapter [11]." *Id.* § 1109(b). A party in interest has the right to request the bankruptcy court either to convert a Chapter 11 case to a Chapter 7 proceeding or to dismiss the case, "whichever is in the best interest of creditors and the estate, for cause, including ... [the] inability to effectuate substantial consummation of a confirmed plan [or a] material default by the debtor with respect to a confirmed plan...." *Id.* § 1112(b)(7), (8) (1988). If a creditors' committee is automatically dissolved at the time of confirmation, it could not make these requests of a bankruptcy court.

### III.  Conclusion

 A creditors' committee does not automatically dissolve at the time a Chapter 11 reorganization plan is confirmed. Justifiable reasons may exist for it to continue to monitor the debtor's actions. Rather, the committee permanently dissolves when the Chapter 11 proceeding is dismissed or converted to a Chapter 7 action. Because the creditors' committee and its attorney may act after the confirmation of a reorganization plan, they may petition a bankruptcy court to obtain compensation for the necessary legal work performed between the time the plan is confirmed and consummated. Consequently, the opinion of the bankruptcy court is REVERSED. This case is REMANDED to the bankruptcy court for it to consider appellant's motion for supplemental attorney's fees.

It is SO ORDERED.