**In re DOCTORS' HOSPITAL OF TAMPA, LTD., d/b/a Doctors' Hospital of Tampa, Debtor.**

**Bankruptcy No. 92–12491–8B1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 23, 1995.

Department of Health and Human Services, Dana Petti, Asst. Regional Counsel, Office of Gen. Counsel, Atlanta, GA.

## ORDER ON MOTION TO RECONSTITUTE CREDITORS' COMMITTEE

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration, on a Motion to Reconstitute Creditors' Committee and objections to same by other creditors. The Court has considered the Motion, and the objection to reconstituting a creditors' committee, together with the record, and finds as follows.

Debtor filed for Chapter 11 reorganization under Title 11, United States Code (Bankruptcy Code) on September 21, 1992. A creditors' committee was formed for the unsecured creditors (Committee) on October 29, 1992. There is no record, prior to April 24, 1994, the date of Confirmation of the Plan, of the Committee functioning in its capacity as representative of all unsecured creditors, nor was the Committee represented by counsel. In addition, the record does not reflect any application for expenses incurred by the Committee to date.

On May 20, 1994, post-confirmation, objections to claims were filed for the purported Committee by its Chairman. All the claimants subject to these objections responded, and a preliminary hearing was held on October 27, 1994. At the preliminary hearing, Mr. Cesar Rivero, C.P.A. appeared as Chairman to represent the interests of the Committee. This Court set a Final Evidentiary Hearing on the Objections for April 18, 1995, and ruled the unsecured creditors' committee, in existence prior to confirmation, must be reinstated and represented by counsel. Otherwise, only objections filed by individual creditors or the Debtor would be permitted.[1]

On February 14, 1995, Stanford R. Solomon made application to be employed as

Charles A. Postler, Tampa, FL, for debtor.

Stanford Solomon, Tampa, FL, for Creditors' Committee.

Ivan J. Reich, Miami, FL, for Schantz.

John K. Olson, Tampa, FL, for Matzner and Prime Health.

Malka Isaak, Tampa, FL, for Hernan D. Giraldo, M.D.

Cindy L. LoCicero, Tampa, FL, for Transitional Hospitals Corp.

---

1. The Debtor has not joined in the objections filed by the Committee, although the Debtor has filed objections to other claims. "It is well established that the provisions of 11 U.S.C. §§ 1103(c)(5) and 1109(b) impliedly authorize a creditor's (sic) committee to bring an action if, in its discretion, it would benefit the estate, and if the debtor-in-possession has unjustifiably failed to prosecute the case." *Unsecured Creditors' Committee v. Farmers Savings Bank (In re Toledo Equipment Company, Inc.),* 35 B.R. 315, 319 (Bankr.N.D.Ohio 1983).

attorney for the Committee. The Committee had not been reconstituted at that time. Subsequently, this Court disapproved the application to employ without prejudice, as the Committee had not been reconstituted. Finally, on March 23, 1995, after half a year elapsed, a Motion to Reinstate the Unsecured Creditors' Committee was filed.

A Final Evidentiary Hearing on the objections to claims by the purported Committee was held on April 18, 1995, in which this Court also heard the Motion to Reestablish the Committee. This Court rescheduled said hearing and deferred ruling on the Motion to Reinstate the Committee as there was insufficient evidence to support finding the pre-confirmation Committee in fact sought to be reinstated. Parties were directed to submit briefs on the issue, and directed the pre-confirmation members of the Committee to vote on whether the Committee should be reconstituted.

There has been little discussion of the longevity of an unsecured creditors' committee once a plan has been confirmed. Under 11 U.S.C. § 1141, Effect of Confirmation, states unless otherwise provided in the order confirming plan, the confirmation of a plan vests all the property of the estate in the debtor and releases it from all claims and interests of creditors, equity security holders and general partners. Logically, an argument may be made that any committees formed prior to confirmation dissolved upon the order of confirmation unless otherwise set forth in such order. *See Unsecured Creditors Committee v. Butler (In re Butler)*, 94 B.R. 433, 436 (Bankr.N.D.Tex.1989); *In re Salant Corp.*, 176 B.R. 131 (S.D.N.Y.1994) (equity security holders committee survived as per order on confirmation and limited to those duties). At least one court has recognized the termination of the creditors' committee upon confirmation, but has allowed appointment of a committee post-confirmation. *In re Diversified Capital Corp.*, 89 B.R. 826, 829 (Bankr.C.D.Cal.1988).

Another argument may be made for finding the order confirming a plan does not extinguish any committee created prior to confirmation unless specifically stated as dissolved. *See Creditors' Committee v. Parks Jaggers Aerospace Co. (In re Parks Jaggers Aerospace Co.)*, 129 B.R. 265 (M.D.Fla.1991). In addition, there appears to be duties and responsibilities of a committee under 11 U.S.C. § 1103(c)(2) and (5), which suggest post confirmation activities of a committee appointed under 11 U.S.C. § 1102. *Id.* at 267.

▮ In order to ensure that no creditor seeks to unilaterally usurp the portfolio of the Committee post confirmation, this Court believes more explicit standards should govern committee activities post-confirmation. Where a committee has been appointed pre-confirmation, and has expressed duties under a confirmed plan, such a committee is deemed to survive post confirmation. *See Unsecured Creditors' Committee v. United States (In re Goldblatt Bros., Inc.)*, 106 B.R. 522 (Bankr.N.D.Ill.1989). If there is a creditors' committee appointed pre-confirmation, yet there are no expressed duties set forth in the confirmed plan, there is a rebuttable presumption the committee continues post-confirmation. The presumption, however, can be rebutted if a party in interest objects to the committee's activities, and can demonstrate:

a) The committee's alleged activities are not a benefit to the estate;[2] or,

b) A party who seeks to utilize the powers of the committee when the interests of its constituents, as a whole, are not being protected; or,

c) Other evidence which establishes those seeking to use the authority of the committee have not been vested with such authority, or have not moved timely to effectuate committee authority, or is asserting the rights of the debtor under the plan.

▮ In this case it is quite apparent the plan does not expressly provide for the committee to function. Any activities by the committee until recently have been the acts

---

**2.** It should be noted that even though a committee existed post confirmation, any of its actions must be for the benefit of the estate or the committee's constituencies. *See Unsecured Creditors' Committee,* 35 B.R. 315; *supra,* note 1.

of an individual, sans attorney.[3] In fact, the Committee had no attorney pre-confirmation, nor on October 27, 1994, when this Court held a preliminary hearing on Committee's objections to claims. Upon assertion of a valid objection, this Court requires anyone who is claiming the right to file a claim for the Committee to have the Committee reconstituted post confirmation to ensure, as here, the Chairman had been authorized by the Committee to prosecute objection to claims on their behalf rather than the Chairman on a lark of his own.

At the Final Evidentiary Hearing on April 18, 1995, the Court required the Chairman to establish by way of affidavit the individual Committee members' agreement that the Committee should be reconstituted to prosecute the objections. The members of the Committee were given until May 3, 1995, to file individual affidavits. *In re Outdoor Displays Welding & Fabrication, Inc.*, 76 B.R. 860 (Bankr.M.D.Ga.1987). Five affidavits were filed timely. Two affidavits affirmatively voted for reconstituting the Committee. Another affidavit, which did not state whether the member voted for or against reconstituting the Committee, was amended after the May 5, 1995, deadline. Of the two affidavits voting against reconstituting the Committee, one was not properly executed. Objections to the affidavits followed with motions to strike by claimants and the Committee. Excluding the non-executed affidavit and the equivocal one, the majority of the Committee members by number and amount of their claims voted in favor of pursuing the objections for the creditors.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED it is the ruling of this Court that with the vote of the Unsecured Creditors' Committee, it should be able to prosecute the objections to claims as it appears such objections are not duplicative of the Debtor. There being no other evidence to rebut the post-confirmation actions of the Committee, objection to the reconstitution of the Committee should be overruled. It is further

ORDERED, ADJUDGED AND DECREED that due to the delay of the Committee in seeking reinstatement of the Unsecured Creditors' Committee in a timely fashion, after being on notice of the necessity of same, and the tardiness of acquiring counsel, that the discovery cut-off date in this matter is that established by this Court's order of January 6, 1995. Any witness and exhibit list filed subsequent to April 18, 1995, shall be stricken. Otherwise, the claimants would be prejudiced by the delay.[4] It is further

ORDERED, ADJUDGED AND DECREED that Stanford Solomon, P.A. is authorized to represent the Unsecured Creditors' Committee. It is further

ORDERED, ADJUDGED AND DECREED that any motions for sanctions, or for attorneys' fees filed subsequent to April 18, 1995, are deferred to the end of presentation of evidence on the objections to claim filed by the Unsecured Creditors' Committee.

DONE AND ORDERED.

---

**3.** Pursuant to *Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.)*, 585 F.2d 7 (1st Cir.1978); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir.1985), a non-individual entity may appear and be heard in these proceedings only through an attorney duly authorized to practice before this Court.

**4.** Prior to the continued Final Evidentiary Hearing in April, the Claimants had timely complied with this Court's orders regarding discovery and exchange of witness and exhibits list, but the Committee had not. The Committee should not be allowed to take advantage of its own tardiness in acquiring counsel and compliance with orders.