In re Jere A. STURGIS, Debtor.

The CHASE MANHATTAN BANK, N.A., Plaintiff,

v.

Jere A. STURGIS, Defendant.

Bankruptcy No. BK–83–00619–B.
Adv. No. 84–0482.

United States Bankruptcy Court, W.D. Oklahoma.

Feb. 12, 1985.

---

Lance Stockwell, Malcolm E. Rosser, IV and Craig A. Stokes of the firm Boesche, McDermott & Eskridge, Tulsa, Okl., for The Chase Manhattan Bank, N.A.

Kenneth L. Spears and James S. Matthews, Jr., Oklahoma City, Okl., Stephen Jones and R. Dale Durham of the firm of Jones, McNaughton & Blakely, Enid, Okl., for Jere A. Sturgis.

## MEMORANDUM DECISION AND ORDER

ROBERT L. BERRY, Bankruptcy Judge.

This matter comes on for consideration of debtor's motion to dismiss the instant adversary proceeding. After reviewing the briefs of the parties and the points of law contained therein, the stipulation of facts entered into between the parties, and the documents filed in this matter, the Court finds as follows:

On March 10, 1983, an involuntary petition was filed against Jere A. Sturgis (hereinafter the "debtor") pursuant to 11 U.S.C. § 303. Subsequently, on December 8, 1983, an Order for Relief under Chapter 7 of the Bankruptcy Code was entered on said involuntary petition. Thereafter, in the normal course of business, the Court set May 14, 1984, as the last day upon which a complaint to determine dischargeability of a debt or objecting to the discharge of debtor, 11 U.S.C. §§ 523 and 727, could be filed.

On May 11, 1984, The Chase Manhattan Bank, N.A. (hereinafter "Chase") filed its motion to extend the time in which to file a complaint, pursuant to Rules 4004(b) and 4007(c) Fed.R.Bankr.P., to sixty days after the hearing on the motion. Chase concurrently filed with its motion a "notice and opportunity for hearing" whereby any party objecting to said motion was granted fifteen days from the filing of the motion to enter an objection. The debtor filed his objection to the motion on May 23, 1984.

The parties have stipulated that counsel for the debtor contends that a file stamped copy of the debtor's objection bearing the court clerk's notation of hearing date of May 30, 1984, was sent to counsel for Chase on or about May 28, 1984; counsel for Chase contends that he received only a copy of the debtor's objection with no file stamp or clerk's notation, and therefore had no notice of the hearing date.

A hearing was held on May 30, 1984, at which time neither Chase nor the debtor, nor their counsel, appeared. The court minute of that hearing reflects that no action concerning Chase's motion was taken. Rather, the Federal Deposit Insurance Corporation, which had also filed a motion for extension of time in which to file a complaint, and which motion was also set for hearing on May 30, 1984, was granted

additional time within which to file its discharge complaint. No order concerning Chase's motion has ever been entered.

Sometime in early June, counsel for Chase spoke with counsel for the debtor concerning the discharge hearing and the possible continuance of the same since objections to discharge had been filed. At that time, counsel for the debtor informed counsel for Chase that the debtor intended to rely upon the May 30 hearing for a basis that Chase's motion for extension had been denied.

On August 28, 1984, Chase filed an application seeking to have its motion for extension set for hearing. Further, on August 28, 1984, Chase filed the instant adversary complaint objecting to discharge of the debtor.

On September 21, 1984, the debtor filed his motion to dismiss Chase's complaint. On October 2, 1984, Chase filed its response to the debtor's motion to dismiss. The motion to dismiss was set for hearing on November 13, 1984, whereupon the parties were granted leave to file a stipulation of facts together with briefs in support of their respective positions, and the matter was taken under advisement.

Under former Bankruptcy Rules 404[1], 409[2] and 906[3], bankruptcy courts could grant a motion for extension so long as it was proved that the failure to file the complaint before the time fixed by the court was due to "excusable neglect". The new Bankruptcy Rules, effective August 1, 1983, no longer permit the courts to extend the time in which to file a complaint seeking dischargeability of a debt or objection to discharge after the time fixed for doing so.

Rule 4007(c) Fed.R.Bankr.P. now controls the time frame involved in filing an adversary complaint objecting to the dischargeability of a debt. It provides that "[a] complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code *shall be filed* not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." (emphasis supplied). However the Court has the discretion, upon motion of any party in interest, to extend the time period. The sole restriction is that the motion "shall be made before the time has expired." *Id.*

Rule 4004(a) Fed.R.Bankr.P. controls the filing of an adversary complaint objecting to a debtor's discharge pursuant to 11 U.S.C. § 727. Rule 4004(a) states that "[a] complaint objecting to the debtor's discharge under § 727(a) of the Code *shall be filed* not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." (emphasis supplied). Again, the court has the discretion, upon motion of a party in interest, to extend the time period, but only if the motion was made before such time has expired. Bankr.R. 4004(b).

The "excusable neglect" standard of former Rule 906(b) has been modified by Bankr.R. 9006. While the court may enlarge the time for taking action under Bankr.R. 4004(a) and 4007(c), such enlargement may be "only to the extent and under the conditions stated in those rules." Bankr.R. 9006(b)(3). We have previously

1. Rule 404(c) provides:
   The court may for cause, on its own initiative or on application of any party in interest, extend the time for filing a complaint objecting to discharge.

2. Rule 409(a)(2) provides in pertinent part:
   The court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt.... [T]he court may for cause, on its own initiative or on application of any party in interest, extend the time fixed under this paragraph.

3. Rule 906(b) provides in pertinent part:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without application or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *upon application made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect;* ... (emphasis supplied)

stated that we cannot avoid the mandatory language of Bankr.R. 4004(a) and 4007(c). *In re Ensminger,* 42 B.R. 548 (Bankr.W.D. Okla.1984); *In re Schones,* 42 B.R. 552 (Bankr.W.D.Okla.1984). While enlargement for excusable neglect is permitted pursuant to Bankr.R. 9006(b)(1), it is expressly limited by application of Bankr.R. 9006(b)(3).

In the matter before us there is no dispute as to whether Chase filed its motion timely. The stipulation of the parties clearly indicates that the motion was timely filed.[4] Rather the debtor urges that the motion should be denied (1) due to Chase's inaction in its attempts at prosecuting the motion and (2) for Chase's failure to appear at the hearing of May 30, 1984.

As to the debtor's first point, he argues that Chase entered a course of conduct which evidenced a failure to diligently attempt to have its motion heard. In this regard the debtor argues that it is not the responsibility of the defendant in an adversary proceeding to have a motion such as the one at issue set for hearing; that pursuant to Bankr.R. 9014 a response to a motion is not required unless otherwise ordered by the Court. Debtor makes reference to General Order No. 3[5], but alleges that it does not apply to his objection. As to this point we cannot agree.

A review of the file indicates that Chase filed its motion on May 11, 1984. Furthermore, Chase complied with General Order No. 3 by including with its motion a "notice of motion and opportunity for hearing", stating that a party objecting to the motion had 15 days from the filing of the motion in which to file an objection. The debtor filed his objection to the motion on May 23, 1984, within the 15 day period. Pursuant to the practice of the undersigned bankruptcy judge, the debtor was required to obtain a hearing date before the objection was permitted to be filed. This he did, viz, May 30, 1984. The debtor was also informed that he was responsible for notifying the moving party of the hearing date. Herein reposes the difficulty.

The original of the debtor's objection contained in the file maintained for this bankruptcy clearly reflects the date of the hearing and the requirement that the objector notify the moving party of the same. However, both copies of the objection attached to the affidavits of counsel for the debtor and counsel for Chase, respectively, are void of any such notation. While there is no dispute that counsel for Chase received the debtor's objection, it does little good to receive an objection absent a hearing date. Just as it does little good for the debtor to argue that Chase received notice of the May 30, 1984, hearing on the motion for extension. After reviewing the affidavits and exhibits we do not find that Chase received a copy of the debtor's objection bearing notation of the May 30 hearing date.

Next is the question of whether Chase failed to diligently prosecute its motion. The debtor posits that as counsel for the debtor informed counsel for Chase in early June of 1984 of his intent to rely on the hearing of May 30 as a denial of the motion for extension, with counsel for Chase taking no formal action in having the matter set down for hearing until August 28, 1984, such conduct evidences a lack of due diligence.

■ The affidavit of counsel for Chase reflects that indeed attempts were made in furtherance of setting the motion, albeit to no avail. The debtor is of course correct in

---

**4.** The debtor has not asserted that the motion must be filed *and heard* within the original time set for filing objections to discharge. Both Bankr.R. 4004 and 4007 merely require that the motion for extension shall be made before time for filing expires.

**5.** General Order No. 3 of the Local Court Rules for the U.S. Bankruptcy Court Western District of Oklahoma provide in pertinent part:

1. A motion is any request for relief that requires notice and hearing under the Bankruptcy Code and must have attached to it a "Notice of Motion and Opportunity for Hearing"....

2. In the event the Bankruptcy rules do not provide a notice period it will be deemed to be 15 days unless modified for cause.

his assertion that the Court may dismiss an adversary complaint for want of prosecution. *See* Rule 7041 Fed.R.Bankr.P. However, given our finding that Chase failed to receive notice of the May 30 hearing date, we cannot say that Chase is solely responsible for failing to obtain a hearing date. A further factor which militates in favor of a finding of no lack of diligence is the time frame in which the parties were operating. At the time in question, due to Congressional inaction in the wake of *Northern Pipeline Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the status of bankruptcy courts fluctuated literally from week to week with commutations of imminent demise a recurring circumstance. Until finally we were no longer bankruptcy judges; rather we metamorphosed into bankruptcy "consultants". During this unsettled period, to say that the Court's docket was in disarray would be a major understatement. Accordingly we do not find that Chase was lacking in diligence in prosecuting its motion for extension.

■ The debtor's second proposition is that dismissal of the motion is appropriate as Chase failed to appear at the hearing on its motion for extension. The debtor argues that as there is no dispute that notice of the hearing was mailed to counsel for Chase, albeit there is a dispute as to whether Chase received such notice, and as service by mail is complete upon mailing, see Rule 5(b) Fed.R.Civ.P., made applicable in bankruptcy by Rule 7005 Fed.R.Bankr.P., then the mailing of the notice is sufficient to alert Chase to the May 30 hearing date. This misstates the dispute. At issue is not whether Chase received notice of the hearing date, but whether Chase was mailed an objection with the hearing date noted thereon. Rule 5(b) does not stand for the proposition that a party may serve a pleading by mail and subsequently rely on the veracity of such pleading if not received by the party to be noticed. Disputes over the provision that service by mail is complete upon mailing most often arise in the context of the timely filing of a response under the rules of procedure. Extending the

debtor's argument to its logical conclusion, the failure of the debtor to appear should result in the dismissal of the debtor's objection.

On the hearing date of May 30, neither the debtor nor Chase appeared. We will not dismiss the motion for extension as it was timely filed. We will address the motion on its merits as if the parties were present for the May 30 hearing.

The crux of the debtor's original objection to the motion for extension was that Chase, more so than any other creditor, was at all times in a position whereby it could make a determination as to the filing of a complaint objecting to the discharge of a debt and/or objecting to the discharge of the debtor.

As set forth in the affidavit of counsel for the debtor, Chase began its review of the debtor immediately subsequent to the collapse of Penn Square Bank, N.A. Extensive meetings were conducted between the debtor and Chase through July of 1982 to January of 1983. The debtor argues that as Chase had access to his records throughout this period, it is inconceivable for Chase to need more time in which to file a complaint. Chase counters this in its affidavit of counsel by stating that Chase merely had privy to those records which related to the debtor's collateral given to secure the Chase debt. Counsel for Chase also states that he was permitted no examination of the debtor's business records.

■ Contrary to the debtor's argument in his objection to motion for extension, we do not find the instant case to be "neither complex, nor more unusual" than any other Chapter 7 bankruptcy. Quite the opposite is true. When an agreement is reached, as was the case between the debtor and Chase, to enter a reduction of debt by the sale of assets worth approximately *twenty million dollars,* one is not confronted with an atypical Chapter 7 liquidation. To characterize such as "not unusual" is patently absurd. The schedules filed by the debtor are a microcosm of business dealings of an immense and complex nature. A creditor

is entitled to an extension of time in which to file a complaint objecting to a discharge of a debt or discharge of a debtor when the affairs of the debtor are complex and additional time is necessary in order for the creditor to clarify its position on any objections. *In re Floyd*, 37 B.R. 890 (Bankr.N. D.Tex.1984). The mere fact that Chase was negotiating with the debtor prior to the filing of this bankruptcy case, does not *ipso facto* imply that Chase was being afforded access to records whose review would be necessary in order for Chase to clarify its position on any possible objections to discharge.

██ Under former Bankruptcy Rule 906, courts applied a liberal standard of "excusable neglect". While "excusable neglect" is no longer a factor in the review of motions for extension pursuant to Bankr.R. 4004 and 4007, we believe two factors which were considered in determining "excusable neglect" are applicable in determining whether "cause" exists for granting the motion: (1) whether granting the delay will prejudice the debtor and (2) the length of the delay and its impact on efficient court administration. *In re Magouirk*, 693 F.2d 948 (9th Cir.1982); *In re Overmyer*, 30 B.R. 123 (Bankr.S.D.N.Y.1983).

██ There are presently pending, in addition to the complaint of Chase, two other adversary complaints objecting to discharge. All three complaints have been ordered consolidated by this Court for discovery purposes. In fact the first cause of action of Chase's complaint and the third cause of action of the complaint of the Federal Deposit Insurance Corporation both involve the debtor's transactions involving a certain Professional Operating and Consulting, Inc., a corporation in which the debtor was allegedly an incorporator and director. In light of the two pending complaints, we do not find neither that the debtor will be prejudiced by the granting of an extension nor will efficient court administration be negatively impacted.

Accordingly, for all the foregoing reasons, it is the order of this Court that The Chase Manhattan Bank, N.A. shall be and

hereby is, granted an extension in which to file a complaint objecting to the discharge of the debtor herein. It is further ordered that the motion to dismiss the complaint of The Chase Manhattan Bank, N.A., objecting to discharge of the debtor herein shall be and hereby is, denied.

The above constitute our findings of fact and conclusions of law pursuant to Bankr. Rule 7052.