In re James Dabney TATUM, Debtor.

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC., a Delaware corporation, Plaintiff,

v.

James Dabney TATUM, Defendant.

Bankruptcy No. 85 J 0605.

United States Bankruptcy Court, D. Colorado.

May 7, 1986.

Edwin G. Perlmutter, Esq., Berenbaum & Weinshienk, Denver, Colo., for plaintiff.

Jane Carlson, Greeley, Colo., for defendant.

## ORDER DISMISSING COMPLAINT

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER is before the Court on the Defendant's Motion to Dismiss, which came on for hearing on April 17, 1986. The Defendant, Debtor James Tatum, seeks the dismissal of the complaint objecting to discharge brought by creditor Merrill, Lynch, Pierce, Fenner & Smith ("Merrill, Lynch"), asserting that the complaint was untimely filed.

The Defendant submitted his petition under Chapter 7 of the Bankruptcy Code on May 10, 1985. On June 14, 1985, the notice for the meeting of creditors was filed. The notice set July 18, 1985 as the meeting date, and stated: "An order has been entered by the Court fixing September 16, 1985 as the last day for filing objections to the discharge of the debtor and for the filing of a complaint to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c)."

The meeting of creditors was duly held on July 18, 1985, but required more time and was continued to September 13, 1985. No representative of Merrill, Lynch appeared at either of these meetings. During the period between the two meetings, on August 8, 1985, the Trustee in the case filed a motion requesting an extension of time in which to object to discharge. The Court did not rule upon the motion, however, and the discharge of the debtor was entered October 1, 1985.

On September 12, 1985, Merrill, Lynch filed an objection to discharge, allegedly pursuant to § 523(c), which stated that the debt owed to Merrill, Lynch "is the result of fraud, trick and artifice and was obtained by false pretense." The Court entered an order denying the objection on September 16, 1985, which directed that such an objection must be raised in an adversary action, and that allegations of fraud, trick, artifice, or false pretense must be pled with particularity. The objection was refiled as a complaint initiating an adversary proceeding on October 15, 1985.

The Defendant argues that the complaint was untimely since it was filed after the September 16, 1985 bar date. The Plaintiff contends that the Trustee's motion for extension of time, which was never ruled

upon by the Court, should apply to all the creditors of the estate. The Plaintiff also asserts serious concerns as to missing assets and failure to list claims, which make it important for the adversary action to remain open.

■ Generally, courts have strictly enforced deadlines for filing complaints objecting to discharge. *In re Couch,* 43 B.R. 56, 58 (Bankr.E.D.Ark.W.D.1984); *In re Triester,* 38 B.R. 228, 230 (Bankr.S.D.N.Y. 1984). The court has the discretion to extend the time for filing, but only upon motion of a party in interest made before the initial time has expired. Bankruptcy Rule 4007(c); *In re Lane,* 37 B.R. 410, 412–413 (Bankr.E.D.Va.1984).

■ Bankruptcy Rule 9006(b)(1) permits enlargement of time for an act required under the Rules where failure to act is due to excusable neglect. However, enlargement is limited under Rule 4004(a) and 4007(c), which govern dischargeability actions pursuant to § 727(a) and § 523(c), to the extent and under the conditions stated in those rules. Bankruptcy Rule 9006(b)(3). Those rules clearly require a complaint to be filed within the deadline unless a motion for extension of time is filed before the deadline. *In re Floyd,* 37 B.R. 890, 892 (Bankr.N.D.Texas 1984). In addition, the operation of these rules eliminates the concept of "excusable neglect" as a basis for expanding the time to object. *In re Whitfield,* 41 B.R. 734, 736 (Bankr.W.D.Ark. 1984); *In re Figueroa,* 33 B.R. 298, 302 (Bankr.S.D.N.Y.1983).

Extension has been allowed absent a motion filed prior to the bar date only in cases where the court has made a mistake or where notice of the bar date has not been given to a party in interest. For example, an Oklahoma bankruptcy court held that a creditor has not failed in diligence in prosecuting its motion for extension of time where it had not received notice of a hearing on the motion and where the court's docket was in disarray due to the confusion following the *Northern Pipeline* decision. *In re Sturgis,* 46 B.R. 360, 363–364 (Bankr. W.D.Okla.1985). In a case in which a Chapter 7 proceeding was transferred from Florida to New Hampshire, the New Hampshire court found that where its staff had sent out a form order and notice containing the erroneous new date for filing objections of December 3, 1984, with the result that the creditors did not receive notice of the actual date of October 27, 1984, the debtor's motion to dismiss a late-filed complaint objecting to discharge would be denied. *In re Riso,* 48 B.R. 244, 246 (Bankr.N.H.1985). In *In re Bridges,* 51 B.R. 85 (Bankr.S.D. Ohio W.D.1985), the court reconsidered its order dismissing an untimely complaint under 11 U.S.C. § 523(c), allowing the complaint to "relate back" to the date of the original objection, which was filed timely but not in the form of a complaint. The court took this action because the Plaintiff's motion for reconsideration advanced an equitable basis for relief, asserting the complaint presented the same subject matter as the original objection, and because no memorandum was filed contra to the motion for reconsideration, in contravention of a local court rule. *Id.,* at 85.

■ No such extraordinary circumstances exist in the case at bar. There is no indication that this Court mailed out erroneous information or that Merrill, Lynch failed to receive notice of the bar date. Neither this Court nor any other can claim that its schedule operates with perfect efficiency one hundred percent of the time, but there can be no serious suggestion that the Court's schedule or the bifurcated creditors meeting gave rise to sufficient confusion to merit extension of the time limit. This case involves no local rule requiring a memorandum on the part of the Debtors. In addition, the original objection merely contained a bald allegation of fraud, and was correctly dismissed for failure to plead fraud with specificity. The complaint however, presented a more detailed discussion of the alleged acts giving rise to fraud. This is not a case where the two pleadings are substantially similar, and no equitable or legal reason exists to allow the complaint to "relate back" to the original objection.

■ Finally the Trustee's motion has no effect on the Plaintiff's rights. If granted, the Trustee's motion would serve to extend time only as to the Trustee, not as to any other parties in interest. *In re Ortman,* 51 B.R. 7, 8 (Bankr.S.D.Ind.1984). It is, therefore,

ORDERED that Defendant's Motion to Dismiss is granted and the within complaint dismissed as untimely filed.