In re Timothy Edward & Carmen Delores GALLAGHER, Debtors.

Bankruptcy No. 86–05060–H3–7.

United States Bankruptcy Court, S.D. Texas, Houston Division.

Jan. 28, 1987.

J. Craig Cowgill, Houston, Tex., for debtors.

Janet S. Casciato, Casciato, Payne & Havekost, Houston, Tex., Trustee.

## ORDER

LETITIA Z. TAITTE, Bankruptcy Judge.

Came on for hearing on December 19, 1986, the Trustee's Motion for Extension of Time to File Objections to Discharge of Debtor, and after considering the evidence presented and the argument of counsel the Court enters the following Order.

## I. Facts

On June 9, 1986, Debtors filed their petition in Bankruptcy under Chapter 7. On July 27, 1986, the first meeting of creditors was held pursuant to 11 U.S.C. § 341. The Debtors, Debtors' attorney, Trustee and counsel for creditor James Adkins (Adkins) were present at this meeting. At the meeting, counsel for Adkins requested that the Trustee file a motion to extend time to file objections to the discharge of the Debtors, pursuant to Bankruptcy Rule 4004(b). B.R. 4004(b) states that a motion for extension of time may not be filed more than 60 days following the first date set for meeting of creditors. The meeting was adjourned, and on reconvention on August 29, 1986, counsel for Adkins made the same request of the Trustee.

The Trustee filed her Motion for Extension of Time to File Objections to Discharge of Debtor on September 15, 1986. The Motion simply stated "there are questions regarding certain assets of this estate and whether all assets have been properly and completely disclosed." No creditors were mentioned in the Motion.

A hearing on the Motion was held December 19, 1986. The Trustee did not appear, and later indicated that she did not wish to pursue her Motion. Counsel for Adkins announced that he wished to join in the Trustee's Motion. Adkins, who did not file his own motion for extension, seeks to rely on the Trustee's timely filed Motion to support his own objection to discharge of the Debtor.

## II. Conclusions

Absent an extension of time, no party may file an objection to discharge after 60 days following the first date set for the meeting of creditors. B.R. 4004(a). Any extension of time for filing must be made pursuant to B.R. 4004(b). B.R. 9006(b)(3).

B.R. 4004(b) provides:

On motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The mo-

tion shall be made before such time has expired.

The language of B.R. 4004(b) supports the view that only the movant who timely requests the extension may take advantage of that extension. *In re Floyd,* 37 B.R. 890 (Bankr.N.D.Tex.1984). A Trustee's timely motion for extension will not extend such time for any other party in interest. *In re Tatum,* 60 B.R. 335 (Bankr.D.Colo.1986); *In re Ortman,* 51 B.R. 7 (Bankr.S.D.Ind. 1984). *See also* the Advisory Committee Note to B.R. 4004: "An extension granted on a motion pursuant to subdivision (b) of the Rule would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension."

 Adkins alleges that the Trustee was acting on his behalf in filing the motion for extension. A Trustee may not act on behalf of any particular creditor since she is a representative of the estate. *In re Bell & Beckwith,* 50 B.R. 422 (Bankr.N.D. Ohio 1985). Adkins cites *Penick v. Tice,* 732 F.2d 1211 (4th Cir.1984) to support the proposition that a Trustee may have standing in some instances to file a motion on a creditor's behalf. *Penick* held that the Trustee had standing to object to a debtor's voluntary dismissal on behalf of unsecured creditors who did not affirmatively consent to the dismissal. However, *Penick* was based on the Trustee's power to represent creditors who were unwilling to object to such dismissal, or who were unaware that such dismissal may adversely affect their interests. Here, objection, not dismissal, is at issue, Adkins has been active, and the limiting language of B.R. 4004(b) is effective.

 The underlying purpose of B.R. 4004(b) is to provide the debtor with a definite date after which no party may object to discharge. As explained by the court in *Ortman, supra* at page 8:

> At some point in time, proceedings must come to a halt and the debtor be allowed to seek his fresh start. To allow creditors on a one-by-one basis to take advantage of extensions of time to file complaints would make a mockery of the legislative intent to give debtors a fresh start.

While Adkins says he relied on the Trustee's assurances to his detriment, this is not sufficient cause to ignore the purpose and language of B.R. 4004(b).

It is therefore:

ORDERED that the Trustee is permitted to withdraw her Motion for Extension of Time to File Objections to Discharge of Debtor, and it is further

ORDERED that Adkins' oral motion to join in that Trustee's Motion after the deadline provided in Bankruptcy Rules 4004(b) and 4007(c) is Denied.