In re Mary W. HERRING, SSN: 260–68–8999, Debtor.

Vicki J. FLANAGAN, Plaintiff,

v.

Mary W. HERRING, Defendant.

Bankruptcy No. 89–40853–COL.
Adv. No. 90–4008–COL.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

April 23, 1990.

William H. Arey, Columbus, Ga., for plaintiff.

Brace W. Luquire, Columbus, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On December 4, 1989, Vicki J. Flanagan (hereinafter "Plaintiff") filed a complaint objecting to discharge of Debtor and objection to dischargeability of debt pursuant to § 727(a)(2)(A), and § 523(a)(4) of the Bankruptcy Code.[1] A summons and notice of pre-trial conference was issued on February 9, 1990, and the Debtor filed a timely answer to the complaint on March 9, 1990. On March 13, 1990, the Debtor filed a motion to dismiss. A hearing on the Debtor's motion to dismiss and pre-trial conference on the Plaintiff's complaint was held on March 22, 1990. At the conclusion of the hearing, the court invited both parties to submit briefs on the issue of whether the Trustee was a "party in interest" pursuant to Bankruptcy Rule 4007(c)[2] for extension of the bar date for dischargeability complaints under § 523 of the Bankruptcy Code. Plaintiff filed a letter brief with the court on April 5, 1990. No brief was filed by the Debtor. The court, having considered the brief of Plaintiff and arguments of counsel, now renders this Memorandum Opinion.

The Debtor filed a voluntary Chapter 7 bankruptcy petition on August 1, 1989. The original bar date for filing § 523(c)/§ 727 complaints was noticed by the Clerk for October 23, 1989. The Trustee filed a motion to extend time for the Trustee and all Creditors to object to discharge/dischargeability on September 8, 1989 and served all Creditors with a notice of hearing. The hearing was held on the Trustee's motion on September 21, 1989.

The Trustee, the Debtor's attorney Brace W. Luquire, the Plaintiff's attorney William H. Arey, and Leslie L. Cohn, attorney for Columbus Bank and Trust Company, and a creditor pro se were present for the court hearing. At the conclusion of the hearing, the court granted the Trustee's motion for a 60–day extension of time from October 5, 1989. No appeal was filed by any party to the above order dated September 21, 1989.

■ The Debtor cites to the court the case of *Matter of Farmer*, 786 F.2d 618 (4th Cir.1986) as authority for her position that the Trustee is not a "party in interest" for purposes of Bankruptcy Rule 4007(c). In *Farmer*, the trustee moved for an extension of time to file objections to the debtors' discharge and the dischargeability of debts. The bankruptcy court granted the trustee's motion and the debtors appealed. The District Court affirmed, and the debtors appealed from the order of the District Court granting the trustee and creditors an extension of time for purposes of § 523 complaints. The Fourth Circuit analyzed the statutory language in § 523 and found that only a creditor may object to the dischargeability of a certain debt. In comparing Bankruptcy Rule 4004(b)[3] and Rule 4007(c), the court concluded that "party in interest" does not convey the same meaning. The court stated that Bankruptcy Rule 4004(b) and Rule 4007(c) each supplement specific statutes and the inquiry must be directed to the statutes themselves and not merely the rule. The court further concluded that "a trustee may not object to dischargeability under section 523 ... [and] has therefore, no statutory basis for assert-

---

1.  11 U.S.C.A. § 727(a)(2)(A) (West 1979 & Supp.1990).

    11 U.S.C.A. § 523(a)(4) (West 1979 & Supp. 1990).

2.  R.Bankr.P. 4007(c).

    (c) Time for filing complaint under § 523(c) in chapter 7 liquidation and chapter 11 reorganization cases; notice of time fixed.

    A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

3.  R.Bankr.P. 4004(b).

    (b) Extension of time.

    On motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion shall be made before such time has expired.

ing an interest in extending the time for such objections." *Id.* at 620. The court further stated that a trustee may object to discharge under § 727 and would clearly be a "party in interest" to seek time extensions under 4004(b). *Id.*

This court does not disagree with the analysis of the Fourth Circuit in *Farmer.* However in the instant case, although the Trustee did move for an extension of time for the Trustee and all creditors for the purposes of discharge/dischargeability complaints, no appeal was filed by the Debtor of this court's order granting the Trustee's motion. The court believes in this particular fact situation that the Plaintiff should be able to rely on the unappealed order of this court. *See Matter of Hershkovitz*, 101 B.R. 816 (Bankr.N.D.Ga. 1989). Therefore, this court denies the Debtor's motion to dismiss.