53 F.3d 339
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Carson Wayne NEWTON, a/k/a C. Wayne Newton, a/k/a
Wayne Newton, Debtor.
Mark MORENO, Plaintiff-Appellant,
v.
Carson Wayne NEWTON, Defendant-Appellee.
 No. 93-16788.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 15, 1995.*
Decided April 28, 1995.
 
 1
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Mark Moreno (Moreno) appeals the district court's affirmance of the bankruptcy court's denial of his motion for extension of time to file a nondischargeability complaint. We reverse the judgment of the district court and remand the case.
 
 
 4
 Carson Wayne Newton (Newton) filed his petition for bankruptcy under Chapter 11 on August 14, 1992. Moreno is a creditor in Newton's bankruptcy proceedings. Moreno was also a long time friend and acquaintance of Newton and served as Newton's business manager for a twelve-year period ending in January 1992. The ultimate issue that Moreno wishes to raise under 11 U.S.C. Sec. 523(c) is an alleged fraud perpetrated by Newton in order to obtain loans in the form of cash payments and deferred salary from Moreno. Before Moreno is able to present his fraud claim under 11 U.S.C. Sec. 523(c) to the bankruptcy court, he must overcome the procedural hurdles of Fed. R. Bankr. P. 4007(c), which govern the filing of nondischargeability complaints by creditors against debtors.
 
 
 5
 The procedural background to Moreno's appeal can be summarized as follows:
 
 
 6
 (i) The first Meeting of Creditors ("Meeting") under 11 U.S.C. Sec. 341 was scheduled for September 16, 1992, approximately a month after Newton filed his petition.
 
 
 7
 (ii) Fed. R. Bankr. P. 4007(c) establishes that all creditors have until 60 days after the scheduling of the first meeting to file a nondischargeability complaint. Based on the scheduled date of the first meeting, Moreno and the other creditors had until November 16, 1992 to file.
 
 
 8
 (iii) The meeting was continued twice, first to October 28, 1992, and second to November 25, 1992, in order to allow time for Newton to produce certain documents requested by the creditors. The continuance of the meeting date did not affect the deadline for filing a motion of nondischargeability since Rule 4007(c) bases the deadline on the first scheduled date of the meeting.
 
 
 9
 (iv) On November 16, 1992 Moreno and two other creditors GECC and Northeastern Bank timely filed motions for extensions of time in which to file nondischargeability complaints. Rule 4007(c) permits the granting of extensions "for cause."
 
 
 10
 (v) On December 15, 1992 all three motions for extensions of time were considered together. The bankruptcy court granted GECC's motion but denied Moreno's and Northeastern's motions. Both Moreno and Northeastern filed motions for reconsideration of the bankruptcy court's order. The motions were heard on January 26 and 27, 1993, and denied.
 
 
 11
 (vi) Moreno appealed the denial of his motion for extension of time to the district court on February 10, 1993. The district court affirmed the bankruptcy court's denial, and Moreno's appeal to this court followed.
 
 
 12
 This court applies a clearly erroneous standard to its review of the bankruptcy court's findings of fact and a de novo standard to its review of the bankruptcy court's conclusions of law. In Re Global Western Development Corp., 759 F.2d 724, 726 (9th Cir. 1985).
 
 
 13
 Federal Rule of Bankruptcy Procedure 4007(c) provides:
 
 
 14
 A complaint to determine the dischargeability of any debt pursuant to Sec. 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to Sec. 341(a). The court shall give the creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.
 
 
 15
 Section 523(c), by reference to Sec. 523(a)(2), (4), (6), applies to claims of nondischargeability based on fraudulent acts of the debtor. Moreno alleges in his brief, as he alleged in bankruptcy court, that Newton fraudulently obtained loans from Moreno with the intention of never repaying. Moreno sought the extension of time to further investigate this claim.
 
 
 16
 The key question raised in this appeal is the correct standard for "cause" under 4007(c). The bankruptcy court has elaborated on the meaning of cause in In Re Sturgis, 46 BR 360 (W.D. Okla. 1985). In Sturgis the court looked to former Bankruptcy Rule 906, a predecessor to Rule 4007(c), to distill two factors for determining cause under 4007(c): "(1) whether granting the delay will prejudice the debtor and (2) the length of the delay and its impact on efficient court administration." 46 B.R. at 365. The court found cause to grant Chase Bank, Sturgis' creditor, an extension because with two complaints already pending against Sturgis, the extension would neither prejudice Sturgis nor impact negatively on efficient court administration. Id. The court also found that
 
 
 17
 The mere fact that Chase was negotiating with the debtor prior to the filing of this bankruptcy case, does not ipso facto imply that Chase was being afforded access to records whose review would be necessary in order for Chase to clarify its position on any possible objection to discharge.
 
 
 18
 Id., citing In re Floyd, 37 B.R. 890 (Bankr.N.D.Tex. 1984) (extension to investigate affairs of debtor granted when affairs of the debtor are complex and additional time is necessary to investigate).
 
 
 19
 Moreno's motion for extension satisfied the two factors presented in Sturgis, especially since there were already two adversary complaints pending at the time that his motion was filed: Newton v. Northeastern Bank of Pennsylvania, Adv. No. 92-302 and Donald Smith Chartered v. Carson Wayne Newton, Adv. No. 92-3121. Newton had also stipulated to an extension of time to allow Bank of America, American Express and Rocky Mountain Bank to file complaints objecting to discharge.
 
 
 20
 Moreno relied on the bankruptcy judge's granting of extension as a matter of course. This reliance can be a basis for cause. See In Re Santos, 112 B.R. 1001, 1006 (9th Cir. BAP 1990). Furthermore, an extension would be justified by the complexity of Newton's bankruptcy proceeding and the fact that the first creditor's meeting had been continued twice to November 25, 1992, nine days after the November 16 deadline to file a nondischargeability complaint. Finally, in the light of these factors and the fact that continuances have been granted to other creditors, it does not appear that anyone will be prejudiced by granting a continuance to Moreno.
 
 
 21
 Accordingly, the judgment of the district court is REVERSED and the case REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3