**In re Donald L. PARKER, Debtor.**

**Bankruptcy No. 94–13972–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

May 18, 1995.

209

Joel Steinberg, Fairfax, VA, for debtor.

Jack Frankel, United States Trustee, Alexandria, VA.

Howard I. Rubin, Alexandria, VA, for Chapter 7 Trustee.

### MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Hearing was held May 3, 1995, on the United States Trustee's motion to extend the time to file a complaint to object to debtor's discharge. Debtor objected to the extension alleging that the motion was not timely filed. The court took the matter under advisement. Under the unique circumstances of this case, I will enter an order granting the United States Trustee's motion to extend the time to file a complaint to object to debtor's discharge to June 5, 1995.

### FINDINGS OF FACT

On October 19, 1994, Debtor Donald L. Parker filed a chapter 7 bankruptcy petition. H. Jason Gold was appointed as the chapter 7 trustee. Pursuant to Fed.R.Bankr.P. 4004(a), January 17, 1995, was the deadline to file a complaint objecting to the discharge of the debtor.

On January 17, 1995, the chapter 7 trustee moved for an extension of time to file a complaint because he had not yet completed his investigation into the complex financial condition and assets of the debtor. The court extended the deadline to March 17, 1995.

A creditor, William Roberts, also moved on January 17, 1995, to extend the deadline. The court extended Roberts' deadline until March 17, 1995.

On March 16, 1995, the chapter 7 trustee moved for a second extension. The court granted the request and extended the deadline to June 5, 1995.

On March 16, 1995, the United States Trustee moved for an extension until June 19, 1995, to file a complaint objecting to the discharge of debtor.

On March 17, Roberts moved for a further extension.

At the hearing on the United States Trustee's motion, the trustee conceded that he had failed to file the motion within the original time proscribed in Fed.R.Bankr.P. 4004(a). He also conceded that he had failed to move for an extension before his time had expired.

However, the United States Trustee argued that his motion was timely because he filed it before Creditor Roberts' time had expired.

### CONCLUSIONS OF LAW

■ In the instant case the court is confronted with a conflict between the plain language of Fed.R.Bankr.P. 4004 and the practical, logical approach given the unique set of facts.

■ Pursuant to Fed.R.Bankr.P. 4004(b), "[o]n motion of any party in interest, after hearing on notice, the court may extend for cause the time for filing a complaint objecting to discharge. The motion *shall be made before such time has expired.*" (emphasis added). The time limits proscribed in Fed.R.Bank.P. 4004 should be strictly construed. *See Canganelli v. Lake County Indiana Dep't of Pub. Welfare (In re Canganelli)*, 132 B.R. 369, 383 (Bankr.N.D.Ind. 1991). Furthermore, a party who fails to timely file an application for extension of time to file a complaint objecting to discharge cannot "piggyback" on a timely motion for an extension filed by another party. *See In re Gallagher*, 70 B.R. 288, 289–90 (Bankr.S.D.Tex.1987); *In re Tatum*, 60 B.R. 335 (Bankr.D.Colo.1986); *In re Floyd*, 37 B.R. 890, 892–93 (Bankr.N.D.Tex.1984).

■ Because only the party who has timely requested an extension of the deadline to file a complaint may utilize the extension, the United States Trustee may not "piggyback" on Roberts' extension. However, in considering (1) the comity of interest possessed by the United States Trustee and the chapter 7 trustee, (2) the intent behind Fed.R.Bankr.P. 4004, (3) and the United States Trustee's supervisory authority over the administration of all bankruptcy cases, I find that this case presents an exception to the general rule, and I will allow an extension based on the chapter 7 trustee's extension.

■ The chapter 7 trustee is obligated to object to discharge if a discharge is unwarranted. *See* 11 U.S.C. § 704(6). Further-

more, the chapter 7 trustee is a representative of the estate and should not act on behalf of any particular creditor. *See In re Gallagher*, 70 B.R. at 290.

The United States Trustee shall "establish, maintain, and supervise a panel of private trustees...." 28 U.S.C. § 586(a)(1). The United States Trustee shall also "supervise the administration of cases and trustees in cases under chapter 7...." 28 U.S.C. § 586(a)(3). "It is a responsibility of the United States Trustee, as one facet of assuring that the bankruptcy laws are not being abused, to assure that persons who are not entitled to receive discharges do not receive them." *Jacobson v. Robert Speece Properties, Inc., (In re Speece)*, 159 B.R. 314, 317 (Bankr.E.D.Cal.1993).

■ Accordingly, both the United States Trustee and the chapter 7 trustee have a statutorily imposed duty to object to discharge if a discharge is unwarranted. Based on this duty, I find that the interests of the trustees are identical in this action,[1] and it is appropriate to allow the United States Trustee an extension to file a complaint objecting to discharge.

■ This result is supported by the Advisory Committee's Notes to Rule 4004. The commentary provides, "... an extension granted on a motion pursuant to subdivision (b) of the rule would ordinarily benefit only the *movant* but its scope and effect would depend on the terms of the extension...." Fed.R.Bankr.P. 4004 note at ¶ 4 (emphasis added). The chapter 7 trustee, as administrator of debtor's case, timely moved for an extension. The United States Trustee also moved as an administrator of debtor's case. Because the movants are, in essence, the same entity, the United States Trustee may utilize the chapter 7 trustee's extension.[2] *See generally In re Overmyer*, 24 B.R. 437, 439 (Bankr.S.D.N.Y.1982) (holding under similar bankruptcy rule that wholly owned subsidiary could "piggyback" on parent corporation's extension as provided in order).

---

1. Although a creditor has the right to object to discharge, *see* 11 U.S.C. § 727(c)(1), and would likely benefit from the denial of a discharge, the creditor does not possess a duty to investigate the financial affairs of the debtor and file a § 727 complaint if appropriate.

2. It appears to the court that the United States Trustee was not aware that the chapter 7 trustee had moved for an extension. The court does not believe it is necessary for both trustees to file a complaint objecting to discharge if a complaint is warranted.

■ However, the scope of the United States Trustee's extension depends on the chapter 7 trustee's extension. *See* Fed. R.Bankr.P. 4004 note at ¶ 4. Because the court extended the chapter 7 trustee's deadline to June 5, 1995, the United States Trustee is only entitled to an extension to June 5, 1995, not June 19, 1995, as requested in the United States Trustee's motion.

■ This result is consistent with other provisions of the bankruptcy code. Pursuant to 11 U.S.C. § 307, "[t]he United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121 of this title." *See also United States Trustee v. Clark (In re Clark)*, 927 F.2d 793, 796 (4th Cir.1991); *In re Speece*, 159 B.R. at 317. "This is a sweeping authorization. . . ." *In re Speece*, 159 B.R. at 317. Accordingly, the United States Trustee could appear and be heard on the merits of debtor's eligibility for a discharge whether or not I grant the United States Trustee's motion.

Given the reality of the situation under these specific facts, I will enter an order granting the trustee's motion extending the time to file a complaint to June 5, 1995, which is the chapter 7 trustee's deadline to file a complaint.