United States Court of Appeals,

Eleventh Circuit.

No. 94-4254.

In re Menelaos P. DEMOS, Debtor.

Arthur R. MARSHALL, III., M.D., Plaintiff-Appellant,

v.

Menelaos P. DEMOS, Defendant-Appellee.

July 12, 1995.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-1711-CIV), Sidney M. Aronovitz, Judge.

Before COX, Circuit Judge, HILL and GARZA[*], Senior Circuit Judges.

HILL, Senior Circuit Judge:

This is an appeal from a district court order affirming a bankruptcy court's dismissal of Appellant/Creditor's adversary complaint as untimely filed. Appellant maintains (1) that the district court erred in not finding that his complaint was timely filed, the extension of time having been validly granted to him; (2) that the complaint was timely filed inasmuch as it was in reliance upon an order of the bankruptcy court which had not been modified, vacated or set aside, whether subject thereto or not; and (3) that, the foregoing considered, the bankruptcy court abused its discretion in not exercising its equitable powers under 11 U.S.C. § 105 to find the complaint timely filed. For reasons hereinafter stated, we reverse.

I. BACKGROUND

On October 30, 1992, Debtor, Menelaos P. Demos, filed a

_____

[*]Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

petition for relief under Chapter 7 of the Bankruptcy Code. February 8, 1993, was the deadline for filing complaints objecting to discharge and to determine dischargeability. Problems then developed. There were creditors who might, or might not, wish to file adversary complaints. Examination of the Debtor under Bankruptcy Rule 2004 would be of importance in their decisions to file or not file. The *Debtor's* attorney was unable to attend the Rule 2004 examination on the date set and sought accommodation by postponement. Postponement might jeopardize creditors' rights to file their adversary complaints or compel them to file when the 2004 proceeding might have persuaded them not to do so. Counsel for the parties conferred and worked out an arrangement to protect the creditors and to accommodate the problems of Debtor's attorney. On January 12, 1993, pursuant to that arrangement, Trustee filed his "Motion to Extend the Times for Objections to Claimed Exemptions and Complaints to Determine Dischargeability and Objecting to Discharge." *Debtor joined the motion.* The motion was premised upon the problems briefly recited above and specifically asked the bankruptcy court to act pursuant to 11 U.S.C. § 105.[1]

On January 19, 1993, the bankruptcy court entered its "Order Granting Motion to Extend the Times for Objections to Claimed

---

[1]11 U.S.C. § 105 provides:

> (a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

Exemptions [and] Complaints to Determine Dischargeability and Objecting to Discharge" extending the deadline until March 15, 1993.

On January 21, 1993, Appellant/Creditor, Arthur R. Marshall, III, filed "Marshall's Notice of Adoption and Concurrence with Trustee's Motion to Extend the Times for Filing Complaints to Determine Dischargeability and Objecting to Discharge." On March 15, 1993, Marshall filed his "Adversary Complaint."

On April 5, 1993, *despite having joined in the request for an extension of time,* Demos filed a motion [2] to dismiss Marshall's adversary complaint as untimely filed and, therefore, outside the court's jurisdiction. On May 14, 1993, the bankruptcy court entered its "Order Granting Debtor's Motion to Dismiss Marshall's Adversary Complaint." In the order, the bankruptcy court relied on Fed.R.Bankr.P. 4007(c) and *In re Gallagher,* 70 B.R. 288 (Bankr.S.D.Tex.1987) to hold that Marshall's adversary complaint was untimely filed, dismissing it with prejudice. The district court affirmed. This appeal followed.

## II. DISCUSSION

The bankruptcy court entered an order extending the time for filing complaints to determine dischargeability and objections to discharge. Marshall filed his complaint within the extension granted by the order. Marshall's complaint was timely filed unless there is some reason why Marshall could not rely upon the court's order.

The bankruptcy court found that "the creditor [Marshall] never

---

[2]The motion was filed by *new* counsel.

filed or pursued his own motion for extension, and cannot take advantage of the motion filed by the Trustee." The court reasoned that:

> ... the Trustee's timely motion for an extension of time to file objections to discharge or dischargeability will not extend the time for filing objections by any other party in interest, and the bankruptcy rule authorizing the extension of time permits only the person seeking the extension, and who timely requests such extension, to take advantage of same. *In re Gallagher,* 70 B.R. 288, (Bankr.S.D.Tex.1987).

There are several problems with this analysis. First, the motion for an extension of time in this case was not filed pursuant to the "bankruptcy rule authorizing the extension of time." Bankruptcy Rule 4004 is not mentioned by the motion. The motion specifically invoked the equitable powers of the bankruptcy court under 11 U.S.C. § 105. Calling the court's attention to the problems created by the large numbers of "creditors" involved in the bankruptcy and the possibility that the Debtor's attorney might not be able to attend the 2004 examination of the Debtor, the *Debtor* and the Trustee requested the court to exercise its equitable power to extend the time for filing complaints. Section 105 of the Bankruptcy Code authorizes the bankruptcy court to "issue any order ... that is necessary or appropriate to carry out the provisions of [the bankruptcy code]" 11 U.S.C. § 105. This would include the order entered in this case. Therefore, even if the request for an extension of time under Rule 4004 normally inures to the benefit of the movant only, this limitation does not necessarily apply in this case.

Furthermore, even if we were dealing with an application for an extension of time made pursuant to Rule 4004, the *Gallagher* case

cited by the bankruptcy court, is inapposite to the facts of this case.  In that case, the Trustee filed a motion for an extension of time for filing complaints, but while it was still pending she informed the court that she did not wish to pursue the motion.  A creditor, however, who had not filed a motion, sought after the bar date to rely on the Trustee's timely filed motion to persuade the court to issue an order extending the creditor's time. [3]  The *Gallagher* court declined to do so.  Therefore, there was no order extending the time for filing adversary complaints;  no creditor could have relied on one.

In this case, the bankruptcy court issued an order extending the time for filing complaints to determine dischargeability.  A party may rely on such an order.  *In re Overmyer,* 24 B.R. 437, 441 (Bankr.S.D.N.Y.1982).    *See also In re Falk,* 96 B.R. 901 (Bankr.D.Minn.1989);    *In re Herring,*    116 B.R. 313 (Bankr.M.D.Ga.1990).  To hold otherwise would be to permit parties the option of deciding which orders to obey, or conversely to condemn parties to the instability of guessing which orders to abide and which to ignore.  This will not do.

Of course, the reliance of a party on an order must be reasonable.  A party may not rely on an order that clearly has nothing to do with him.  In this case, it was entirely reasonable for Marshall to rely on the bankruptcy court's order.  The Trustee's motion, *joined by the Debtor,* and served on Marshall, stated:

---

[3]Additionally, it should be noted that in *Gallagher* the Trustee's motion never referred to any creditors.  In this case, the Trustee's motion specifically referred to creditors.

7. That there are *numerous interested parties* and attorneys who wish to attend the 2004 Examination of the Debtor ... which would be after the deadline for exemptions and the deadline for determining dischargeability and objecting to discharge.

8. That *due to the large numbers of creditors* involved in this bankruptcy proceeding, the Debtor's attorney and the Trustee have no objection to the said extension. (emphasis added)

The court's subsequent order stated in part:

3. That the deadline for filing "Complaints to Determine Dischargeability and Objecting to Discharge" be, and the same is hereby, extended up to and including March 15, 1993.

The plain meaning of this language is that an extension of time was granted to creditors—all creditors. There is no one else to whom the order can refer, as only creditors are allowed to file such complaints. It cannot be said that Marshall's reliance on the plain meaning of this order was unreasonable.

Demos argues that notwithstanding the plain meaning of the order, Marshall's reliance was unreasonable because, as noted above, normally a request for an extension of time inures to the benefit of the movant only,[4] and Marshall knew or should have known that. Demos argues that the wording of the bankruptcy court's order (as well as Trustee's motion) was merely sloppy, and that Marshall should have inquired regarding the deadline for filing complaints.

We disagree. The court's order extended the time for filing complaints to determine dischargeability and objecting to

---

[4]*But see In re Myers,* 168 B.R. 856 (Bankr.D.Md.1994) in which the court held that a Chapter 11 trustee can file a motion to extend the time for filing complaints on behalf of creditors under Section 523 and Rule 4007. Furthermore, the Advisory Committee Note To Rule 4004 states that "An extension granted on a motion ... would ordinarily benefit only the movant, but its scope and effect would depend on the terms of the extension."

discharge.  Creditors are the only parties allowed to file these complaints and Marshall filed his within the extended time.  If the bankruptcy court did not intend to grant creditors an extension of time—as the district court found—then the bankruptcy court made a mistake, and it should have exercised its equitable powers under Section 105 to allow Marshall's complaint to stand.  *See In re Isaacman,* 149 B.R. 502, 508 (Bankr.W.D.Tenn.1993).[5]

For these reasons, we hold that Marshall's Adversary Complaint in this matter was timely filed.

REVERSED and REMANDED.

---

[5]We say so notwithstanding that we have previously held that creditors have a duty to investigate in some cases of judicial "mistake," *e.g.,* where no bar date is set.  *In re Alton,* 837 F.2d 457 (11th Cir.1988).  *See also In re Anwiler,* 958 F.2d 925 (9th Cir.1992) (conflicting bar dates).  A creditor may not stand silent in the face of judicial silence or obvious conflict and complain later of confusion.  Marshall, however, did neither.  He relied on a validly entered court order which extended a deadline to which he was subject.