In re Dennis WATKINS, Debtor.

**Donegal Mutual Insurance Companies, a/k/a Atlantic States Insurance Company, Plaintiff**

v.

**Dennis Watkins, Individually, and as President of Watkins Builders, Inc., Watkins Builders, Inc., and Richard W. Roeder, Esq., Trustee, Defendants.**

Bankruptcy No. 06–10759.
Adversary No. 06–1151.

United States Bankruptcy Court, W.D. Pennsylvania.

April 13, 2007.

Richard S. Canciello, Meyer Darragh Beckler Bebenek & Eck, Pittsburgh, PA, for Plaintiff.

Elliott J. Ehrenreich, Knox McLaughlin Gornall & Sennett, P.C., Thomas James Minarcik, Erie, PA, Richard W. Roeder, Titusville, PA, for Defendants.

## MEMORANDUM

WARREN W. BENTZ, Bankruptcy Judge.

Dennis Watkins ("Debtor") filed a Voluntary Petition Under Chapter 7 of the Bankruptcy Code on July 6, 2006. The First Meeting of Creditors pursuant to 11 U.S.C. § 341[1] was first scheduled for August 2, 2006[2] and the last day to file objections to discharge pursuant to § 727 or to dischargeability pursuant to § 523 was fixed as October 2, 2006.

On September 22, 2006, Donegal Mutual Insurance Companies, a/k/a/ Atlantic States Insurance Company ("Donegal" or "Plaintiff") commenced this Adversary Proceeding with the filing of its Complaint entitled ADVERSARY ACTION TO RETRIEVE PLAINTIFF'S PROPERTY FROM THE DEBTOR OR HIS ESTATE. Donegal sought relief under the Complaint as an "Action in Replevin."

On October 4, 2006, Donegal filed a FIRST AMENDED COMPLAINT. The purpose of the First Amended Complaint was to change the name of the Defendant–

---

1. All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

2. The meeting was later rescheduled for August 31, 2006.

Trustee from John C. Melaragno to the correct trustee, Richard W. Roeder.

On October 25, 2006, Donegal filed the motion that is presently before us, a MOTION TO FILE AMENDED COMPLAINT NUNC PRO TUNC ("Motion"). In the Motion, Donegal states that with the filing of a Second Amended Complaint, it "intends to file the objection to the dischargeability of the debt and debtor under the status of fraud and misrepresentation pursuant to 11 U.S.C. § 523 and § 727(a)(4)(A) and (B)."

Debtor opposes the Motion. Debtor asserts that Fed.R.Bankr.P. 4004 and 4007[3] bar Donegal from amending its Complaint to include causes of action under § 523 and § 727 because the Motion was not filed prior to the October 2, 2006 ("Bar Date") deadline for filing objections to discharge or to dischargeability.

Donegal asserts that its original Complaint, filed prior to the Bar Date, served as adequate notice to the Debtor as to the nature of the proceeding and that the Second Amended Complaint "merely confirms that this is a formal objection to discharge," and therefore the filing of Second Amended Complaint causes no prejudice to the Debtor and should relate back to the date that the original Complaint was timely filed.

Donegal, also asserts, that to the extent necessary, it is entitled to rely on the Orders entered in the MOTION FOR EXTENSION TO FILE COMPLAINT AS TO DISCHARGEABILITY OF DEBT/DISCHARGEABILITY OF DEBTOR filed at Document No. 46 by a separate creditor, B & L Wholesale ("B & L").

On October 2, 2006, the last day to file an objection under § 523 or § 727 or to request an extension of time for filing the same, B & L filed a Motion seeking an extension. The Motion was granted by Order entered that same day. The Order provides:

> Upon consideration of the foregoing motion for extension, it is hereby ORDERED that the time for filing objections to the dischargeability of a debt or objections to the discharge of the debtor shall be extended until November 1, 2006.

On October 6, 2006, Debtor filed an Objection to the B & L Motion. Upon consideration of the Debtor's Response, a hearing to consider the B & L Motion and Debtor's Response was held on November 13, 2006. Appearing at the hearing were counsel for each of the Debtor, B & L, Donegal and another creditor, Lash. Counsel for Debtor agreed to allow an extension of time for B & L, but objected to any extension for Donegal. Counsel for Mr. and Mrs. Lash joined in B & L's request. At the conclusion of the hearing, the Court determined to continue the matter until February 12, 2007 and indicated that the time for filing an objection under § 523 or § 727 could be extended then, if necessary.

On February 12, 2007, counsel for each of the Debtor, B & L, Donegal and the Trustee were present. It was indicated that the Trustee intended to conduct an examination of the Debtor by the end of April pursuant to Rule 2004 with regard to information about potentially undisclosed assets. Donegal reminded the Court that the present Motion and Debtor's objections thereto remained pending. The B & L Motion was continued to May 7, 2007.

---

**3.** All references to the Federal Rules of Bankruptcy Procedure are hereinafter referred to as "Rule".

Based on the Trustee's indication that there was a possibility of undisclosed assets and the representations of counsel for the creditors, a further Order was entered on February 15, 2007 which provides:

It is ORDERED that the time to file objection to discharge or dischargeability is extended until further order of Court.

The intent was to leave open the time for objections under § 727 or § 523 for all creditors pending the Trustee's investigation of the relevant facts.

Debtor asserts that the Order entered based upon the B & L Motion applies only to B & L and not to Donegal.

*Discussion*

Rule 4007(c) provides that a complaint to determine dischargeability of particular debts under § 523 "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed.R.Bankr.P. 4007(c). Rule 4007(c) further provides that "[o]n motion of a party in interest, after hearing on notice, the court may, for cause, extend the time fixed under this subdivision. The motion shall be filed before the time has expired." Fed.R.Bankr.P. 4007(c). A similar provision in Rule 4004(a) governs the time for filing a complaint to object to the debtor's discharge under § 727.

■ The issue is whether the bankruptcy court has discretion to extend the time for all creditors to commence an adversary proceeding under § 523 or § 727 based on a motion by a single creditor.

There is a difference of opinion amongst the courts that have addressed the issue. Debtor directs our attention to *In re Floyd*, 37 B.R. 890 (Bankr.N.D.Tx.1984); *In re Gallagher*, 70 B.R. 288 (Bankr. S.D.Tx.1987); and *In re Burger King Corp. v. B–K of Kansas, Inc.*, 73 B.R. 671 (D.Kan.1987) which lend support for the

Debtor's position that our Order which extended the time of the filing of complaints under § 523 and § 727 can apply only to B & L.

Other cases, especially where there are surrounding circumstances to warrant an extension, hold that an order granting an extension extends the time for creditors other than the moving party. *In re Brady*, 101 F.3d 1165 (6th Cir.1997) (Trustee may secure, on behalf of all creditors, an extension of time in which to file dischargeability complaints); *In re Demos*, 57 F.3d 1037 (11th Cir.1995) (Creditor could rely upon bankruptcy court order granting motion to extend deadline for filing nondischargeability complaints even though creditor had not joined in motion).

The Advisory Committee Note to Rule 4004 states that "[a]n extension granted on a motion ... would ordinarily benefit only the Movant, but its scope and effect would depend on the terms of the extension."

Although B & L filed the motion to extend time, several parties appeared in court at the hearing. There can be no doubt that Mr. and Mrs. Lash and Donegal intended to preserve the right to subsequently file nondischargeability actions. Mr. and Mrs. Lash specifically joined in the motion and Debtor was aware that Donegal also sought an extension, as Debtor's counsel expressed an objection to an extension for Donegal. Debtor was on notice that those creditors sought an extension.

■ The Trustee's indication that a Rule 2004 examination was going to be conducted to investigate information about potentially undisclosed assets and that all interested parties would be advised of the date and time of the Rule 2004 examination so that they might participate constitutes sufficient "cause" for an order extending the time for all creditors.

As a result of the Trustee's comments and the interest of creditors indicated by

their participation in the hearings on this matter, the order which was entered that provides "the time to file objection to discharge or dischargeability is extended until further order of Court." The plain meaning of this language, especially in light of the hearing, is that an extension of time was granted to all creditors.

Accordingly, the SECOND AMENDED ADVERSARY COMPLAINT TO OBJECT TO THE DISCHARGEABILITY OF THE DEBT AND DEBTOR is timely.

An appropriate Order will be entered.

### ORDER

This 13th day of April, 2007, in accordance with the accompanying Memorandum, it shall be and hereby is, ORDERED as follows:

1. The SECOND AMENDED ADVERSARY COMPLAINT TO OBJECT TO THE DISCHARGEABILITY OF THE DEBT AND DEBTOR filed by Donegal Mutual Insurance Companies, a/k/a Atlantic States Insurance Company is timely filed.

2. Defendants shall file an Answer to the Second Amended Complaint within 20 days.

3. Discovery is open.

4. A status conference is fixed for July 16, 2007 at 11:50 a.m., in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA. Only 10 minutes have been reserved on the Court's calendar. All parties may participate by telephone pursuant to instructions on the Court's website.

5. This Order is interlocutory and not subject to appeal pending final resolution of the Adversary Complaint.